## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE,        ) | |
|     Plaintiff,        ) | |
|         ) | |
| v.        ) | CAUSE NO.: 2:20-CV-196-JVB-APR |
|         ) | |
| CITY OF VALPARAISO INDIANA, *et al.*,        ) | |
|     Defendants.        ) | |
|         ) | |
|         ) | |
| JENNIFER WALDO,        ) | |
|     Counter Claimant,        ) | |
|         ) | |
| v.        ) | |
|         ) | |
| KATHY BROWNE,        ) | |
|     Counterclaim Defendant.        ) | |

## **OPINION AND ORDER**

This matter is before the Court on a Verified Motion to Set Aside Entry of Clerk's Default Pursuant to Fed. R. Civ. P. 60(a) and (b) [DE 41], filed on August 12, 2020, by Counterclaim Defendant Kathy Browne. Counterclaimant Jennifer Waldo filed a response on August 26, 2020, and Browne filed a reply on August 28, 2020.

On July 16, 2020, Waldo filed a Counterclaim against Browne. On August 11, 2020, Waldo filed an Application for Clerk's Entry of Default against Browne. On August 12, 2020, a Clerk's Entry of Default against Brown was entered. That same day, Browne filed both a response to the application and the instant motion to set aside the default. She filed an answer to the counterclaim on August 28, 2020.

## ANALYSIS

Browne invokes Federal Rule of Civil Procedure 60—and Waldo defends against the motion on this basis—but Rule 55 speaks more directly, and applies, to the circumstances here where only default (and not default judgment) has been entered. Under these circumstances, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Seventh Circuit Court of Appeals provides more guidance: "[a]n entry of default may be set aside before entry of judgment upon showing good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (citing *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 809-10 (7th Cir. 2007)).

The good cause required is a lower bar to reach than it would be if default judgment had been entered, and policy favors a decision on the merits over default judgment. *Id.* at 505; *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Browne argues that she did not file a responsive pleading to the counterclaim because no summons was served on Browne in connection with the counterclaim. Without the summons, Browne asserts, the deadline to file a responsive pleading has not been established. Waldo counters that no summons was necessary, and she is correct. "After service of the summons and complaint, parties must serve future pleadings and papers—including counterclaims—under the less stringent standards of Federal Rule of Civil Procedure 5." *Trade Well Int'l v. United Cent. Bank*, No. 12-cv-701, 2014 WL 4546022, at *2 (W.D. Wis. Sept. 12, 2014) (citing 1 James Wm. Moore, *Moore's Federal Practice* § 5.02[1][a] (3d ed. 2014)).

Browne also identifies that the Standards for Professional Conduct within the Seventh Federal Judicial Circuit include a list of Lawyers' Duties to Other Counsel, Standard 18 of which

provides that "We [counsel] will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity." Browne contends that Waldo's counsel did not comply with this standard.

The Court finds good cause has been established. Though Browne is mistaken that she should have been served with a summons, her failure to timely file an answer was not a litigation tactic meant to avoid liability or to delay the proceedings. *See Cracco*, 559 F.3d at 631 (holding that good cause was shown when lack of timely answer was the result of inadvertence and was not the result of willful ignorance of the pending litigation). The Court further agrees with Browne that it appears that Waldo's counsel did not comply with its duty to provide notice to opposing counsel. Though the standards do not provide a basis for litigation, sanctions, or penalties, voluntary adherence to the standards is expected of counsel practicing in this Court.

Browne filed her motion to vacate the entry of default the same day that it was entered. This is inarguably prompt action to correct the default.

Browne has an arguably meritorious defense, as set forth in her answer. Essentially, Browne and Waldo have factual disputes regarding the claims. For example, Browne contends that statements cited by Waldo are taken out of context and incomplete and do not support harassment or other claims against Browne. (Answer ¶¶ 17, 21, ECF No. 43). Waldo contends that Browne did not have permission to access or possess certain photographs of Waldo, but Browne contends that Waldo gave Browne express permission. *Id.* at ¶ 18. There is also a dispute about the terms of an agreement reached in state court, its terms, and who refused or agreed to sign the agreement. *Id.* at ¶¶ 31-32.

The Court finds that the Rule 55(c) standard has been met and that the entry of default should be set aside.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Verified Motion to Set Aside Entry of Clerk's Default Pursuant to Fed. R. Civ. P. 60(a) and (b) [DE 41] and **SETS ASIDE** the August 12, 2020 Clerk's Entry of Default [DE 39] in this case. The Court **NOTES** that Browne's answer to the counterclaim has been filed at docket entry 43.

SO ORDERED on August 31, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
