UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANNA HEARN, JENNIFER WALDO | ) |
| CITY OF VALPARAISO, INDIANA, | ) |
| and THE ESTATE OF STEPHEN | ) |
| KOBITZ, BY TODD R. KOBITZ, | ) |
| PERSONAL REPRESENTATIVE, | ) |
| | ) Cause No. 2:20-cv-196 |
| Defendants. | ) |
| ------------------------------------------------ | ) |
| JENNIFER WALDO, | ) |
| | ) |
| Counter-Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| KATHY BROWNE | ) |
| | ) |
| Counter-Defendant | ) |

**OPINION AND ORDER**

This matter is before the court on the Rule 12(f) Motion to Strike [DE 46] filed by the counter-plaintiff, Jennifer Waldo, on September 2, 2020. It is hereby ordered that the Rule 12(f) Motion to Strike be **GRANTED.**

*Background*

The plaintiff, Kathy Browne, initiated this matter against the defendants, Anna Hearn, Jennifer Waldo, City of Valparaiso, Indiana, and the Estate of Stephen Kobitz, by Todd R. Kobitz, Personal Representative, on May 13, 2020. On July 16, 2020, Jennifer Waldo, filed a counterclaim [DE 30] against Browne. Browne filed her response [DE 43] to the counterclaim, raising twelve

affirmative defenses and a request for attorney's fees and costs pursuant to Ind. Code. § 34-52-1-1.

Waldo has requested that the court strike the following affirmative defenses included in Browne's answer:

>   1. Waldo has failed to state a claim upon which relief can be granted.
>
>   3. Waldo's claims are barred, in whole or in part, because Waldo's alleged damages, if any, were caused by the acts or omissions of Waldo.
>
>   4. Waldo's claims are not causally related to any alleged acts or missions of Browne.
>
>   5. Waldo's claims are asserted in bad faith, frivolous, and based on misrepresentation; Waldo cannot benefit from her own misrepresentation.
>
>   6. Waldo has unclean hands.
>
>   8. This Court is the wrong venue to enforce matters adjudicated in another court.
>
>   9. There is not a valid enforceable "contract" and this court cannot enforce "specific performance."
>
>   10. The matters Waldo seeks have already been adversely adjudicated against her or against her favor.
>
>   11. Waldo's claims are precluded by the doctrines of res judicata and issue preclusion.
>
>   12. Browne reserves the right to assert additional Affirmative Defenses

*Discussion*

**Federal Rule of Civil Procedure 12(f)** states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. ***Heller Fin., Inc. v. Midwhey Powder Co., Inc.***, 883 F.2d 1286, 1294 (7th Cir. 1989); ***Doe v. Brimfield Grade School***, 552 F. Supp. 2d 816, 825 (C.D. Ill.

2008).  The decision whether to strike material is within the discretion of the court.  ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992).

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings."  ***Heller***, 883 F.3d at 1294.   Statements contained in a complaint must give the defendant notice of the claim against it and contain enough facts that the relief is plausible on its face.  ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting ***Twombly***, 550 U.S. at 570).  Affirmative defenses are subject to the same standards as other pleadings and must provide more than a "bare bones" statement so that the plaintiff is given notice of any shortcomings in the complaint.  ***Tooley v. Wash. Group Int'l, Inc***., 2009 WL 5511212, at *7 (C.D. Ill. 2009).  Affirmative defenses "must set forth a 'short plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient."  ***Davis***, 592 F.Supp.2d at 1058 (citing ***Heller,*** 883 F.2d at 1294).  However, affirmative defenses can be inferred from the pleadings.  ***Markel Ins. Co. v. United Emergency Med. Servs.***, 2017 WL 942723, at *3 (N.D. Ind. Mar. 10, 2017); ***David v. Elite Mortgage Services, Inc***., 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009) ("Such motions [to strike] will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings'")(citing ***Williams v. Jader Fuel Co.,*** 944 F.2d 1388, 1400 (7th Cir. 1991)) (internal citations and quotations omitted)).

Browne's response to the instant motion focuses solely on her belief that "she is not required to meet the heightened burden of pleading facts that raise a reasonable expectation that discovery will prove her assertions." For, she states, the Seventh Circuit and courts in this district have found that affirmative defenses should not be stricken for factual insufficiency. As a result, Browne contends that the ***Twombly*** plausibility or particularity standard is not the appropriate standard for

3

this court to use in determining whether to grant Waldo's motion to strike.

  The Seventh Circuit has not yet decided whether the pleading standard for a complaint set forth in ***Bell Atlantic v. Twombly,*** 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and ***Ashcroft v. Iqbal,*** 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), applies to all Rule 8 pleadings, including affirmative defenses.  This court agrees with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses.  *See* ***Cottle v. Falcon Holdings Mgmt., LLC*,** 2012 WL 266968 (N.D. Ind. Jan. 30, 2012) (J. Cherry) (providing extensive discussion of the issue and citing supporting cases).  However, "factual allegations that were sufficient before *Twombly* and *Iqbal* will likely still be sufficient, and bare bones affirmative defenses have always been insufficient." ***Eastgate Investments I, LLC v. MW Builders, Inc.***, 2020 WL 1887936, at *1 (N.D. Ind. April 15, 2020) (internal citations and quotations omitted).

  In Browne's first affirmative defense, she claims that Waldo "has failed to state a claim upon which relief can be granted." Waldo argues that while failure to state a claim is a defense, it is not an affirmative defense. Browne does not address this specific argument.  "'Failure to state a claim' is a recognized defense, but it is not an affirmative defense because it does not assume the allegations of the [c]omplaint are true and then articulate a separate reason why the defendant is not liable." ***McDowell v. Carroll County***, 2015 WL 2131606, at *2 (N.D. Ind. May 7, 2015) (striking the failure to state a claim affirmative defense because the defendants failed to explain how the plaintiff failed to state a claim, but rather, provided a bare bone legal assertion); *see also* ***Cottle v. Falcon Holdings Mgmt., LLC***, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012) (striking the failure to state a claim affirmative defense because the defendant did not provide any allegation showing how the plaintiff failed to state a claim). Browne did not explain how Waldo failed to state a claim, but rather "provided an insufficient bare bone legal assertion." ***McDowell***, 2015 WL

4

2131606, at *2. Accordingly, the court **STRIKES** Browne's first affirmative defense.

In affirmative defense three, Browne alleges that "Waldo's claims are barred, in whole or in part, because Waldo's alleged damages, if any, were caused by the acts or omissions of Waldo." Similarly, in affirmative defense four, Browne alleges that "Waldo's claims are not causally related to any alleged acts or omissions of Browne." These affirmative defenses are applicable to negligence claims. Waldo's counterclaim contains claims of intentional infliction of emotional distress, defamation, specific performance, unlawful dissemination of images, disclosure of intimate images, and false light – invasion of privacy. Accordingly, the court **STRIKES** Browne's third and fourth affirmative defense because negligence is not an issue in this case.

As to affirmative defenses five, six, ten, and eleven, Waldo claims that Browne has provided nothing more than bare bones conclusory allegations which fail to allege the necessary elements of the alleged claims. Browne leans on *Leon v. Jacobson Transp. Co*., 2010 WL 4810600, at *1 (N.D. Ill. Nov. 9, 2010), where the court held "[i]t is to everyone's benefit to have defendant plead its affirmative defenses early, even if defendant does not have detailed facts. Thus, the [c]ourt will not strike any affirmative defenses for not having enough detail or for being speculative."

The plaintiff in *Leon* argued that affirmative defenses must include "enough factual allegations to make them plausible." The court strongly disagreed with this argument, but also acknowledged that other district courts have used the plausibility standard and the Seventh Circuit has yet to speak on the issue. As stated earlier, this court agrees with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses.  However, there is still a balance that must be had between no factual support and factual support that is deemed plausible under *Iqbal* and *Twombly*.  "By not providing any factual support, [d]efendants also fail to give [p]laintiff notice as to how the defenses apply." "Simply pleading legal conclusions like 'waiver'

5

and 'estoppel' is not enough because even under the liberal federal pleading standards, bare bones conclusory allegations with no supporting facts are not sufficient." ***Do It Best Corp., v. Heinen Hardware,*** LLC, 2013 WL 3421924, at *3 (N.D. Ind. July 8, 2013); *see also* ***Design Basics, LLC v. Windsor Homes, Inc.***, 2016 WL 3849810, at * 3 (N.D. Ind. July 14, 2016) (agreeing that "'equitable' affirmative defenses must be pled with the specific elements to establish the defenses or at least some direct or influential allegations as to each element of the defense"). Browne's fifth, sixth, tenth, and eleventh affirmative defenses provide no factual support, leaving Waldo with legal conclusions and no notice as to how those affirmative defenses apply to the instant matter. Therefore, the court **STRIKES** affirmative defense five, six, ten, and eleven.

In affirmative defense eight, Browne claims that "[t]his Court is the wrong venue to enforce matters adjudicated in another court." While the issue of venue is reserved for ruling by the assigned district judge, Browne stated in her answer [DE 43] that "if this court determines to exercise jurisdiction over these matters, [she] admits the ***venue is proper***." Therefore, the court **STRIKES** Browne's eighth affirmative defense.

Browne's ninth affirmative defense states "[t]here is not a valid enforceable 'contract' and this court cannot enforce specific performance." Waldo argues that this defense is just a redundant denial of the allegations already denied in the counterclaim. Browne does not comment on affirmative defense nine specifically in her response but does argue that to the extent that there is "redundancy," it is harmless and Waldo's attempt to strike them only delays this matter. The court finds affirmative defense nine to be redundant of the denials Browne's answer and a source of unnecessary clutter. *See* docket entry 43 at ¶¶ 49-50. Therefore, the court **STRIKES** affirmative defense nine.

In Browne's final affirmative defense, she "reserves the right to assert additional

Affirmative Defenses." A reservation to assert additional affirmative defenses is not an affirmative defense. *See* **McDowell v. Carroll County**, 2015 WL 2131606, at *2 (N.D. Ind. May 7, 2015). The parties may request leave of court to amend their pleadings in the future. **Federal Rule of Civil Procedure 15.** Therefore, Browne's twelfth affirmative defense is hereby **STRICKEN.**

Lastly, Waldo argues that Browne's request for attorneys' fees and costs pursuant to Ind. Code § 34-52-1-1 should be stricken because the relied upon statute is procedural in nature, therefore not applicable in federal court. Browne did not to respond to this argument. While **Ind. Code § 34-52-1-1** permits a prevailing party to recover fees if the action was frivolous, unreasonable, or groundless or was litigated in bad faith, the statute does not apply in federal court. See **Clark v. Djukic**, 2017 WL 1197261, at *2 (N.D. Ind. Mar. 31, 2017); **Artmann v. Ctr. Garage, Inc.**, 2012 WL 5183577, at *13 (N.D. Ind. Oct. 18, 2012); **Williams v. State Farm Ins. Co.**, 2011 WL 2111988, at *2 (N.D. Ind. May 26, 2011). Therefore, the court **STRIKES** Browne's request for attorneys' fees and costs pursuant to Ind. Code § 34-52-1-1.

For the foregoing reasons Rule 12(f) Motion to Strike [DE 46] is **GRANTED.**

ENTERED this 1st day of December, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge