UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    CAUSE NO.: 2:20-CV-196-JVB-APR |
| CITY OF VALPARAISO, INDIANA, *et al.*,<br>      Defendants. | )<br>)<br>) |
| JENNIFER WALDO,<br>      Counter-Claimant, | )<br>)<br>) |
| v. | ) |
| KATHY BROWNE,<br>      Counter-Defendant. | )<br>) |

**OPINION AND ORDER**

This matter is before the Court on the issue of subject matter jurisdiction. Briefs on the issue were filed on February 16, 2021 (Plaintiff Kathy Browne), February 19, 2021 (Defendant Jennifer Waldo), and February 22, 2021 (Defendant Anna Hearn). Defendant City of Valparaiso did not file a response.

**BACKGROUND**

On February 1, 2021, the Court granted in part three motions to dismiss that were filed in this case, which resulted in the dismissal of all of the claims based on federal law. Plaintiff had asserted federal question subject matter jurisdiction, so the Court set the matter for briefing on whether the Court should exercise supplemental jurisdiction over the remaining state court claims and indicated that Defendants' arguments for dismissing those claims under Federal Rule of Civil Procedure 12(b)(6) would be addressed if the Court chooses to exercise supplemental jurisdiction.

The remaining claims are defamation, defamation *per se*, and abuse of process against Defendant Waldo; slander and slander *per se* against Defendants Hearn and Waldo; and intentional infliction of emotional distress and a false light claim against Defendants Hearn, Waldo, and the City of Valparaiso.[1]

## ANALYSIS

It would be an inefficient use of the Court's and the parties' time to relinquish supplemental jurisdiction if Plaintiff could, subsequent to that relinquishment, refile the case here, this time asserting diversity jurisdiction. For the Court to have diversity subject matter jurisdiction, Plaintiff cannot be a citizen of the same state as any defendant, and the amount in controversy must be at least $75,000. *See* 28 U.S.C. § 1332.

The citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Plaintiff alleges that she is a citizen of Virginia "and intends to remain domiciled" there, (Suppl. Jurisdictional Statement ¶ 7, ECF No. 77), which is a sufficient allegation regarding her citizenship that no defendant has challenged. She also alleges that Defendants Waldo and Hearn are citizens of Indiana "and intend to remain domiciled" in Indiana. *Id.* at ¶ 11. These allegations are likewise sufficient and have not been challenged as inaccurate. Finally, as alleged, the City of

---

[1] Though not dismissed in the Court's previous order, Plaintiff has indicated that she relinquishes her negligent infliction of emotional distress and Indiana Crime Victims Relief Act claims, so the Court dismisses those claims.

Valparaiso is a political subdivision of Indiana, and is therefore a citizen of Indiana. *See Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010). This allegation, like the others, is not challenged.

Accordingly, the allegations are that Plaintiff is not a citizen of any state of which any defendant is a citizen. To determine whether the Court could exercise diversity jurisdiction over Plaintiff's claims, the Court must also determine whether the amount in controversy requirement is met. The remaining claims sound in tort: defamation, slander, intentional infliction of emotional distress, false light, and abuse of process.

Plaintiff alleges that Defendants' tortious actions caused her injury by causing reputational harm, emotional distress, and the accrual of attorney fees and costs during protective order proceedings. Defendants Hearn and Waldo contest Plaintiff's ability to meet the amount in controversy requirement. "[C]ourts will find federal jurisdiction on the basis of the plaintiff's complaint unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Smith v. Am. Gen. Life & Accident Ins Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

In her Complaint, Plaintiff requests actual and compensatory damages, injunctive relief, and all other just and proper relief. In her supplemental jurisdictional statement, Plaintiff states that she believes the amount in controversy exceeds $75,000.

For claims of defamation *per se*, which Plaintiff has alleged, "the law presumes the plaintiff's reputation has been damage, and the jury may award a substantial sum for this presumed harm, even without proof of actual harm." *Glasscock v. Corliss*, 823 N.E.2d 748, 757 (Ind. Ct. App. 2005) (quoting *Rambo v. Cohen*, 587 N.E.2d 140, 145 (Ind. Ct. App. 1992)) (affirming a $100,000 compensatory damages jury award on a defamation *per se* claim). In addition, attorney

fees may be awarded as damages on a claim for abuse of process under Indiana law. *Burke v. Elkin*, 51 N.E.3d 1287, 1288 (Ind. Ct. App. 2016). The Court cannot say that it is legally certain that the amount in controversy here is less than the threshold required for diversity jurisdiction. Because Plaintiff could refile her remaining claims under diversity jurisdiction if the Court relinquished supplemental jurisdiction, the Court declines to relinquish.

## CONCLUSION

Based on the foregoing, the Court **RETAINS** supplemental jurisdiction over the claims that remain pending in this case. The Court **DISMISSES** the negligent infliction of emotional distress and Crime Victims Relief Act claims.

The pending arguments to dismiss the remaining claims under Federal Rule of Civil Procedure 12(b)(6) will be addressed in a separate order.

SO ORDERED on May 5, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT