UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE,    Plaintiff, | ))) |
| v. | ))    CAUSE NO.: 2:20-CV-196-JVB-APR |
| ANNA HEARN, *et al.*,    Defendants. | ))))) |
| JENNIFER WALDO,    Counter-Claimant, | )))) |
| v. | ))) |
| KATHY BROWNE,    Counter-Defendant. | ))) |

**OPINION AND ORDER**

This matter is before the Court on a motion to dismiss filed by Defendant Anna Hearn on July 20, 2020 [DE 32]. Plaintiff Kathy Browne filed a response on September 2, 2020, and Hearn replied on October 2, 2020. The Court previously granted the motion in part. The Court now takes up the remaining arguments and denies Hearn's request to dismiss the remaining claims pending against her.

BACKGROUND

On July 2, 2020, Plaintiff filed a seventeen-count Amended Complaint against four defendants. The remaining defendants are Jennifer Waldo and Anna Hearn. The pertinent allegations are as follows: Plaintiff Kathy Browne, a bi-racial woman who lives in Virginia, is an author who sells books online. In 2017, Waldo contacted Browne on social media and began harassing her and posting "derogatory, misleading, and false" comments online to interfere with

Browne's book sales. This was part of a long-running dispute between Browne and Waldo, during which each acquired "intimate photos" of the other.

Waldo sought a protective order and criminal charges against Browne. Browne alleges that Waldo and Hearn (Waldo's attorney in the protective order case) embarked on a wide-ranging campaign of false statements and harassing actions against Browne to further their personal agendas against her. Ultimately, City of Valparaiso, Indiana, police obtained a warrant for Browne's arrest, Browne was charged in state court with distribution of an intimate image, and a protective order issued on October 14, 2019, barring Browne from contacting Waldo. The criminal charges were dismissed without prejudice on January 14, 2020, and the protective order was dismissed by agreement on January 15, 2020, with the parties agreeing not to contact each other.

However, the dispute continues. Browne filed her initial complaint in this case on May 13, 2020, seeking damages and injunctive relief. On May 15, 2020, Hearn and Waldo "traveled together" to Virginia to file for another protective order, "based on the same allegations" made in the Indiana court.

After a previous order on the instant motion to dismiss, claims remain pending against Hearn for slander (Count VIII), slander *per se* (Count IX), intentional infliction of emotional distress (IIED) (Count X), and false light (Count XII). Hearn seeks to dismiss these claims, arguing that Browne has failed to state a claim for which relief can be granted. Hearn also argues that she is protected by privilege.

## ANALYSIS

### Count VIII: Slander

Under Indiana law, slander is a form of defamation. *See Baker v. Tremco Inc.*, 917 N.E.2d 650, 657 (Ind. 2009). "To establish a claim of defamation, a 'plaintiff must prove the existence of

'a communication with defamatory imputation, malice, publication, and damages.'" *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010) (quoting *Trail v. Boys & Girls Clubs of N.W. Ind.*, 845 N.E.2d 130, 136 (Ind.2006)).

Where the dispute is between private individuals and is not related to a matter of public concern, however, malice is not a required element. *Charles v. Vest*, 90 N.E.3d 667, 672 (Ind. Ct. App. 2017). "Speech is on a matter of public concern if it is addressed to any matter of political, social, or other concern to the community, as determined by its content, form, and context." *Love v. Rehfus*, 946 N.E.2d 1, 9 n.6 (Ind. 2011) (citing *Connick v. Myers*, 461 U.S. 138, 146-48 (1983)). Whether the alleged defamation is related to matter of public concern is a question of law. *Journal-Gazette Co. v. Bandido's, Inc.*, 712 N.E.2d 446, 471 (Ind. 1999) (Boehm, J., concurring).

Hearn and Browne dispute whether three statements allegedly made by Hearn can support a claim of defamation, which the Court refers to as the ¶ 54, ¶ 56, and ¶ 57 statements. Hearn contends that all three statements are opinion statements and therefore not defamatory. Hearn also argues that Browne has not sufficiently pled that Hearn knew her ¶ 57 statement to be false.

The ¶ 54 statement is Hearn allegedly "represent[ing] to media outlets that Browne's request for a hearing on the protective order was frivolous and past the filing deadline." (Am. Compl. ¶ 54, ECF No. 20). The alleged ¶ 56 statement is "[k]arma bit [Browne] yesterday and will continue to do so." *Id.* at ¶ 56. The alleged ¶ 57 statement is "[t]he harassment by Browne continues." *Id.* at ¶ 57. The ¶ 56 and ¶ 57 statements were allegedly made to the media.

The three statements above are related to the dispute between Browne and Waldo and the protective order litigation that arose out of that dispute. This is not a matter of public or general concern. Though Browne identifies herself in her complaint as "a published author . . . with an online social media presence," it does not appear that Browne is pervasively well-known or has

thrust herself into the limelight on the underlying issue such that she is not a private individual. *See Journal-Gazette Co.*, 712 N.E.2d at 454.

Accordingly, malice need not be shown. Hearn does not argue that Browne has failed to meet either the publication or damages elements of her defamation claim, so the only issue to resolve is whether Browne has alleged that Hearn made communications with defamatory imputations. If she has, then Hearn's motion must be denied.

"A statement is defamatory if it tends to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person." *Hall v. Shaw*, 147 N.E.3d 394, 401 (Ind. Ct. App.), transfer denied, 160 N.E.3d 517 (Ind. 2020) (quoting *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010)). "Any statement actionable for defamation must not only be defamatory in nature, but false." *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 136 (Ind. 2006). Hearn contends that all of the identified statements are merely "opinions" and not defamatory. But, even if the statements are opinions, the analysis does not end. "Rather, the dispositive question is whether a reasonable fact finder could conclude that the statement implies facts which may be proven true or false." *McQueen v. Fayette Cty. Sch. Corp.*, 711 N.E.2d 62, 66 (Ind. Ct. App. 1999) (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990)). "[I]f a statement is capable of two meanings, one libelous and one not, the case should properly go to the jury." *Near E. Side Cmty. Org. v. Hair*, 555 N.E.2d 1324, 1329-30 (Ind. Ct. App. 1990).[1]

The ¶ 54 statement is that Browne's request for a hearing on the protective order was frivolous and past the filing deadline. The statement is not couched as an opinion, and whether the

---

[1] Hearn cites this case in support of a statement not being actionable because it is subject to an innocent construction. However, this case indicates that that is the Illinois rule, but in Indiana, as stated above, ambiguous statements are a question for the jury.

request was past the filing deadline is a fact which may be proven true or false. Browne alleges in ¶ 54 that Hearn knew Browne had not yet been served. The inference to this allegation is that the request was not untimely. Filing untimely requests during litigation could lower the community's estimation of Browne. Therefore, this statement, as alleged, is a communication with defamatory imputation.

The ¶ 56 statement is "[k]arma bit [Browne] yesterday and will continue to do so." Browne alleges that the statement was made "regarding the proceedings, which were based on misrepresentations, that were then pending against Browne," but Browne does not allege that the karma statement itself was false. The lack of allegation of falsity is sufficient grounds on which to find that this communication does not carry defamatory implication. Furthermore, the Court has serious doubts as to whether statements about the actions of karma can be proven true or false. This is not an actionable statement.

The ¶ 57 statement that Browne's harassment of Waldo continues, like the ¶ 54 statement, is not couched as an opinion. It is a factual statement that could be proven true or false. Hearn's brief mention of the term "harassment" being unactionable hyperbole is an unsupported—and therefore waived—argument. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). The statement that Browne continued to harass Waldo could lower the community's estimation of Browne. The allegation is that Hearn made this statement despite knowing it to be false, which carries an inference that the statement is false, so this statement, as alleged, is a communication with defamatory imputation. Hearn argues that the entry of a protective order shows establishes that Browne harassed Waldo. However, the statement at issue is that the harassment *continues*, which is not proven true by a showing that past harassment occurred.

Hearn argues that Browne has not sufficiently alleged that Hearn knew the ¶ 57 statement was false. The speaker's knowledge of a statement being false is not an element, since as found above, malice is not a required element due to the dispute being between private individuals and not on a matter of public concern. Truth is a defense to a defamation claim, *see West v. J. Greg Allen Builder, Inc.*, 92 N.E.3d 634, 646 (Ind. Ct. App. 2017), but at this procedural posture the Court looks only at the allegations in the complaint, and Browne has not alleged that the statements are true.

Hearn's motion to dismiss the slander claim is denied based on the ¶ 54 and ¶ 57 statements. The ¶ 56 statement is not actionable for slander.

### Count IX: Slander *Per Se*

"One type of defamation action, alleging defamation *per se*, arises when the language of a statement, without reference to extrinsic evidence, constitutes an imputation of (1) criminal conduct, (2) a loathsome disease, (3) misconduct in a person's trade, profession, office, or occupation, or (4) sexual misconduct." *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010). For a defamation *per se* claim, damages are presumed. *Id.*

Hearn argues that Browne has not identified an actionable statement on which to base a claim of slander *per se* against Hearn. Browne counters that Hearn's statements regarding "karma" and "harassment" imputed criminal conduct by Browne. As found above, the ¶ 56 statement about karma is not alleged to be false and is therefore not actionable for defamation.

In Indiana, "continuing harassment" can be a form of stalking, which is punishable criminal conduct. *See* Ind. Code §§ 35-45-10-1, -5(a). Thus, the ¶ 57 statement can support a claim of slander *per se*.

**Count X: IIED and Count XII: False Light**

In Indiana, IIED occurs when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991).

Regarding the tort of false-light publicity, Indiana follows the Restatement (Second) of Torts § 652E (1977):

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Carson v. Palombo*, 18 N.E.3d 1036, 1047 (Ind. Ct. App. 2014).

Browne alleges that

> Hearn and/or Waldo had the intimate images of Browne enlarged and, in the courtroom prior to and/or after a hearing in the protective order matter, Hearn improperly displayed them to several individuals in the courtroom even though these images had no relevance to the protective order proceedings and were never used as an exhibit.

(Am. Compl. ¶ 68, ECF No. 20). Browne further alleges that Hearn "did not have a legitimate purpose to use these photos and worked [with Waldo] to use these photos only to embarrass and harass Browne." *Id.* at ¶ 194. Browne alleges that Hearn has "intentionally done harm to Browne" and that Defendants' actions collectively "constituted extreme and outrageous conduct, outside the bounds of decency of modern society, and that which constitutes intentional or reckless severe emotional harm to Browne." *Id.* at ¶¶ 205, 206.

Hearn does not argue that Browne has failed to plead one or more elements of an IIED[2] or false light claim. Instead, she argues that the alleged actions are absolutely privileged advocacy on behalf of Hearn's client because Hearn is allowed to discuss court exhibits with witnesses. On the allegations before the Court, however, the enlarged intimate picture was not relevant to the court proceeding and was not used as an exhibit. Further, there is no allegation that the people to whom Hearn showed the picture were witnesses, and the allegation is that the disclosure of the picture occurred before or after (not during) the court hearing.

"Indiana law affords absolute privilege to statements made in the course of a judicial proceeding." *Van Eaton v. Fink*, 697 N.E.2d 490, 494 (Ind. Ct. App. 1998). Even assuming that the privilege covers disclosure of photographs in addition to statements, the privilege "is abrogated when the statements are not relevant and pertinent to the litigation or do not bear some relation thereto." *Id.*; *see also Miller v. Reinert*, 839 N.E. 2d 731, 735 (Ind. Ct. App. 2005); *Heckler & Koch, Inc. v. German Sport Guns GmbH*, 71 F. Supp. 3d 866, 894-95 (S.D. Ind. 2014). At this procedural phase where the Court must accept Browne's allegations as true, the Court cannot say that the disclosure was made in the course of or relevant to a judicial proceeding, so the privilege is unavailable as a basis on which to grant Hearn's motion to dismiss the IIED and false light claims.

Browne also argues that an IIED claim exists based on (1) Hearn falsely telling attorney Ken Elwood that Browne was stalking her and her children and making fake social media accounts and (2) Hearn and Waldo travelling to Virginia to file for an additional protective order against

---

[2] The argument, raised for the first time in Hearn's reply, that Browne did not sufficiently allege intent is waived. *See Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011) ("[I]t is well-established that arguments raised for the first time in the reply brief are waived.").

Browne in that state. This conduct is not so "extreme and outrageous" such that it gives rise to an IIED claim against Hearn.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES in part**[3] Defendant Anna Hearn's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) [DE 32]. As alleged in the Amended Complaint, the ¶ 56 statement is not actionable for claims of slander or slander *per se*. Browne's claims of slander, slander *per se*, IIED, and false light remain pending against Hearn.

SO ORDERED on May 14, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The motion, which was previously granted in part, is now fully resolved.