UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE,<br>      Plaintiff,<br><br>v.<br><br>ANNA HEARN and JENNIFER WALDO,<br>      Defendants.<br><br>JENNIFER WALDO,<br>      Counterclaimant,<br><br>v.<br><br>KATHY BROWNE,<br>      Counterclaim Defendant. | CAUSE NO.: 2:20-CV-196-JVB-APR |

**OPINION AND ORDER**

This matter is before the Court on a "Motion to Stay" [DE 157] filed by Plaintiff Kathy Browne, *pro se*, on April 5, 2022, on Anna Hearn's Motion to Enforce Settlement Agreement [DE 164] filed by Defendant Anna Hearn on April 7, 2022, and on Anna Hearn's Motion to Strike Browne's Improper Filings and Motion for a Gatekeeping Order [DE 182] filed on April 26, 2022.

Browne asks the Court to issue an order that the claims against Hearn are to "stay" in the case instead of being dismissed, and Hearn asks the Court to enforce a settlement agreement with Browne that calls for Hearn's dismissal, strike some of Browne's filings, and enter a gatekeeping order.

**BACKGROUND**

Plaintiff was originally represented in this case by Attorney Andrea Ciobanu. Ciobanu's appearance was withdrawn on March 25, 2022. Plaintiff is now litigating *pro se*. On February 4, 2022, prior to Ciobanu withdrawing as counsel, Browne filed (through counsel) a notice that

Browne and Hearn had reached a settlement agreement that resolved all pending matters between Browne and Hearn. The Court directed the parties to file dismissal papers by April 5, 2022.

On April 4, 2022, Browne asked the Court to have the claims against Hearn stay in the case, and she repeated the request in her April 5, 2022 motion to "stay." In that motion, Browne asserts that Hearn did not comply with the terms of the settlement agreement because Hearn sent the settlement payment to Ciobanu. In an April 8, 2022 supplement to the motion to stay signed under penalty of perjury, Browne raised grievances she has with Ciobanu, including statements that "Browne feels coerced into settling with Hearn" and "Without council [*sic*] and under duress, Browne signed the agreement." (Suppl. 3, ECF No. 166) (quotation marks omitted). Browne also asserts that Hearn's counsel should not have sent the settlement check to Ciobanu. In Browne's April 11, 2022 response to the motion to enforce the settlement agreement, Browne states that she mistakenly signed the wrong settlement agreement.

Hearn, on the other hand, argues that the parties executed a signed confidential settlement agreement on March 28, 2022, and that Hearn has fulfilled all of her obligations under the agreement, so she asks the Court to dismiss her from this cause of action with prejudice and to award attorney's fees in her favor. She provides more detailed information in her reply, namely that Hearn will not deviate from the terms of the purported settlement agreement to send the settlement check to another address than the one directed in the agreement. Hearn asserts that Browne has breached the settlement agreement by failing to dismiss Hearn from the case.

Despite not attaching a copy of the purported settlement agreement to her filings, Hearn also maintains that Browne has breached terms of the settlement agreement by slandering and disparaging Hearn in numerous pro se filings made since the settlement was reached. Hearn notes that she has incurred attorneys fees and reputational as a result of Browne's breaches.

**MOTION TO ENFORCE**

This case is before the Court via diversity jurisdiction, but neither party suggests what state's law should apply to this case. A federal court exercising its diversity jurisdiction applies the choice-of-law rules of the state in which it sits. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 300 (7th Cir. 2018). Indiana choice of law doctrine favors enforcement of choice-of-law clauses included in contracts. *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). The purported settlement agreement designated Indiana law as the governing law. Although there is dispute about the agreement, Browne does not argue that Indiana law does not govern the suit. The Court finds that Indiana law applies.

> A settlement agreement is essentially interpreted like any other contract. Issues regarding the formation, construction and enforcement of settlement agreements are governed by state contract law.
> Under Indiana law, the elements of a binding contract include an offer, acceptance of the offer, consideration, and meeting of the minds between the parties. The parties must have a meeting of the minds on all essential terms in order for a contract to be binding. Material terms of a contract must be reasonably certain or determinable. The contract must provide a basis for determining the existence of a breach and for giving an appropriate remedy.
> An offer is valid and can be accepted until or unless it is revoked or withdrawn before acceptance.
> Any act or communication that would cause a reasonable person to believe that an offer has been withdrawn or revoked is sufficient to constitute a withdrawal or revocation of the offer (no specific words or magic words are necessary).

*Trustees of Teamsters Union Loc. No. 142 Pension Tr. Fund v. McAllister, Inc.*, 602 F. Supp. 2d 948, 954–55 (N.D. Ind. 2009) (citations and quotation marks omitted).

On March 24, 2022, Browne sent an email to Hearn's attorney writing, "I revised the settlement agreement to reflect my new address. When Ms. Hearn produces the payment I will file my [dismissal] for all claims." (ECF No. 178-1 at p.5). Ms. Hearn's signature on the settlement agreement, which is not Browne's revised version, is dated March 28, 2022, that is, after Browne's email to Hearn's attorney.

Hearn must show that there is a valid settlement agreement to obtain a court order enforcing it, and Hearn only identifies the settlement agreement that she wishes to have enforced as follows: "On March 28, 2022, the parties executed a signed confidential settlement agreement." (ECF No. 164 at p.1). Hearn provided no other details about the agreement and did not attach a copy of it to her motion. Hearn has failed to adequately identify a valid settlement agreement. *See United Consumers Club, Inc. v. Bledsoe*, No. 2:97-CV-276, 2007 WL 1749224, at *2 (N.D. Ind. June 14, 2007) ("UCC's motion to enforce the settlement agreement requires proof of a valid contract between it and these counterdefendants. The only evidence UCC has submitted toward this burden is its own general statement that the parties agreed to settlement and that it believed it was settling with all parties. The court cannot find the existence of a contract on this basis. Lacking proof that a contract was formed, the court cannot order its enforcement." (citation omitted))

In the event that Hearn is attempting to enforce the settlement agreement found at docket entry 157-2, Hearn has not addressed Browne's March 24, 2022 email, which appears to revoke that agreement before Hearn signed it on March 28, 2022. The Court also notes that Hearn failed to address Browne's assertions that she was coerced into signing the agreement and that she signed the agreement by mistake.

Further, Hearn, without citation to any authority, requested an award of attorney fees. The Supreme Court instructs that "[o]ur basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct. 2158, 2164 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010)).

Because Hearn has not shown that there is a valid settlement agreement, the Court must deny the motion to enforce. Though Hearn has the Court's leave to refile the motion, any refiled motion must: (1) identify the governing law, (2) present the Court with a copy of the agreement that she seeks to enforce, (3) at a bare minimum, provide at least an assertion that each element of a valid contract is met, and (4) provide statutory or contractual authority in support of any request for an award of attorney fees or costs.

## MOTION TO STAY

Browne's motion to stay is essentially a request to not dismiss Hearn from this litigation. Because the Court is, for now, denying Hearn's request to be dismissed from this litigation, the Court will deny Browne's motion as moot, as the status quo is currently being preserved.

## MOTION TO STRIKE AND ENTER GATEKEEPING ORDER

Browne has filed numerous documents with the Court on the subject of the purported settlement with Hearn. Briefs beyond a reply brief are not contemplated by the Local Rules of the Northern District of Indiana. *See* N.D. Ind. L.R. 7-1(d)(3). If any party wishes to file a sur-response or sur-reply brief (that is, any brief after the reply brief), they must ask the Court for permission to do so and explain why such a brief would be in the interest of justice.

Given Browne's *pro se* status, the Court finds that it would be unjust to strike Browne's extra filings and to enter a gatekeeping order at this time, but the Court warns Browne that future unpermitted supplemental filings will likely be stricken from the record and may result in the Court entering a gatekeeping order.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Anna Hearn's Motion to Enforce Settlement Agreement [DE 164], **DENIES** Anna Hearn's Motion to Strike Browne's Improper

Filings and Motion for a Gatekeeping Order [DE 182], and **DENIES as moot** the "Motion to Stay" [DE 157]. Hearn may renew her request for settlement agreement enforcement in a motion that complies with this order.

    SO ORDERED on April 27, 2022.

                                           s/ Joseph S. Van Bokkelen
                                           JOSEPH S. VAN BOKKELEN, JUDGE
                                           UNITED STATES DISTRICT COURT