UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE,  )<br>　　　Plaintiff,　　　)<br>　　　　　　　　　　　)<br>　v.　　　　　　　　　)<br>　　　　　　　　　　　)<br>ANNA HEARN and JENNIFER WALDO, )<br>　　　Defendants.　　)<br>_____)<br>　　　　　　　　　　　)<br>JENNIFER WALDO,　　)<br>　　　Counterclaimant, )<br>　　　　　　　　　　　)<br>　v.　　　　　　　　　)<br>　　　　　　　　　　　)<br>KATHY BROWNE,　　　)<br>　　　Counterclaim Defendant. ) | CAUSE NO.: 2:20-CV-196-JVB-APR |

## OPINION AND ORDER

This matter is before the Court on Anna Hearn's Motion to Enforce Settlement Agreement [DE 195] filed on May 5, 2022, and on a Motion to Null and Void the Settlement Agreement [DE 211] filed by Plaintiff Kathy Browne on May 24, 2022. For the reasons provided below, the Court grants the motion to enforce and denies the motion to null and void the settlement agreement.

## BACKGROUND

On May 13, 2020, Browne initiated this cause of action by filing a complaint against Anna Hearn, Jennifer Waldo, the City of Valparaiso, Indiana, and Sergeant Stephen Kobitz. She filed an amended complaint against the same defendants on July 2, 2020. The City of Valparaiso and Kobitz have been dismissed. Claims pend as to Waldo and Hearn, and Waldo has a counterclaim pending against Browne.

Browne was originally represented in this case by Attorney Andrea Ciobanu. Ciobanu's appearance was withdrawn on March 25, 2022. Browne is now litigating *pro se*. On February 4,

2022, prior to Ciobanu withdrawing as counsel, Browne filed (through counsel) a notice that Browne and Hearn had reached a settlement agreement that resolved all pending matters between Browne and Hearn. The Court directed the parties to file dismissal papers by April 5, 2022. No dismissal papers were filed.

On April 27, 2022, the Court denied with leave to refile Hearn's previous motion to enforce the settlement agreement. On May 5, Hearn filed her amended motion to enforce along with separately filed exhibits for which Hearn sought and received an order sealing the exhibits. Browne filed a response to the exhibits on May 9, 2022 and a response to the motion itself on May 13, 2022. Hearn filed a reply on May 17, 2022.

On May 24, 2022, Browne filed her motion to void the settlement agreement. Hearn responded on May 31, 2022. Browne filed her reply on June 10, 2022, to which she filed a supplemental exhibit on June 14, 2022.

With leave of Court, Ciobanu filed documents pertaining to the settlement agreement on October 26, 2022. Browne filed additional documents in response to Ciobanu's documents on October 28, 2022, and November 10, 2022.

## ANALYSIS

### A. Existence of a Settlement Agreement

This case is before the Court via diversity jurisdiction. A federal court exercising its diversity jurisdiction applies the choice-of-law rules of the state in which it sits. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 300 (7th Cir. 2018). Indiana choice of law doctrine favors enforcement of choice-of-law clauses included in contracts. *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). The settlement agreement at issue designated Indiana law as

the governing law. Hearn contends that Indiana law applies, and Browne does not state any opposition. The Court finds that Indiana law applies.

> Under Indiana law, the elements of a binding contract include an offer, acceptance of the offer, consideration, and meeting of the minds between the parties. The parties must have a meeting of the minds on all essential terms in order for a contract to be binding. Material terms of a contract must be reasonably certain or determinable. The contract must provide a basis for determining the existence of a breach and for giving an appropriate remedy.

*Trustees of Teamsters Union Loc. No. 142 Pension Tr. Fund v. McAllister, Inc.*, 602 F. Supp. 2d 948, 954–55 (N.D. Ind. 2009) (citations and quotation marks omitted). Settlement agreements are "essentially interpreted like any other contract." *Id.*

Hearn contends that she and Browne reached an agreement on February 4, 2022, to settle this case. An email exchange between Hearn's counsel and Browne's counsel shows that, on February 3, 2022, Hearn's counsel stated, "We have a deal at [monetary settlement amount] plus confidentiality clause, full mutual releases, nondisclosure clause as noted in prior emails. The amount paid includes all claims, including any claims for legal fees." (Sealed Ex. A, at 1, ECF No. 196-1).

Hearn further maintains, and supports with the declaration of her counsel, that Browne and Hearn executed a final and binding settlement agreement, which has been filed with the Court under seal. *See* (Settlement Agreement, ECF No. 196-3). Browne signed the agreement on March 24, 2022, and Hearn signed it on March 28, 2022, at 2:01 p.m. The agreement signed by both parties was sent by email to Browne one minute later. *See id.*; *see also* (Clinton Decl. ¶¶ 3-6, ECF No. 214-2). Hearn also asserts that she has fulfilled her obligations under the agreement by tendering the settlement check, which was deposited in Ciobanu Law, P.C.'s trust account.[1] *Id.*

---

[1] Ciobanu represents to the Court that she attempted to send settlement check proceeds to Browne on April 11, 2022, but the certified mail was returned due to an incorrect address. (Ciobanu's Notice ¶¶ 7-8, ECF No. 192). Due to the

¶ 12. Consequently, Hearn asks the Court to enforce the agreement as to Browne's obligation, which is the dismissal with prejudice of Browne's claims against Hearn after delivery of the payment[2] as found in paragraph 4 of the agreement. (Settlement Agreement ¶ 4, ECF No. 196-3).

Hearn has presented evidence to establish offer, acceptance, consideration, and meeting of the minds. Browne has not presented evidence to contradict this. Thus, the general elements of a valid contract are met. However, there are a few defenses to otherwise valid contracts. Relevant to Browne's arguments are duress, unconscionability, and incompetence. The Court addresses these below.

### B. Defenses to Otherwise Valid Agreement

Under Indiana law, duress depends on "whether or not the purported victim was deprived of the free exercise of [her] own will." *Youngblood v. Jefferson Cnty. Div. of Fam. & Child.*, 838 N.E.2d 1164, 1170 (Ind. Ct. App. 2005) (quoting *Raymundo v. Hammond Clinic Ass'n*, 449 N.E.2d 276, 283 (Ind. 1983)). A lawyer's warning that she will withdraw from representing a client if the client does not agree to a settlement agreement is not duress. *In re Paternity of K.R.H.*, 784 N.E.2d 985, 990 (Ind. Ct. App. 2003).

The Supreme Court of Indiana finds a contract to be unconscionable when it is so one-sided that "no sensible [person] not under delusion, duress or in distress" would make the contract and "no honest and fair [person] would accept" the contract. *Weaver v. Am. Oil Co.*, 276 N.E.2d 144, 146 (1971) (quoting *Stiefler v. McCullough*, 174 N.E. 823 (Ind. 1933)).

---

dispute regarding the settlement agreement, Ciobanu is holding the settlement proceeds in trust pending resolution of the dispute. *Id.* at ¶ 9.

[2] It appears a possible explanation for Browne's refusal to comply with her obligation to dismiss Hearn is due to the settlement check being sent to the care of and made payable to Ciobanu Law, P.C.; as this matter is addressed in the settlement agreement itself, to which Browne and Hearn both expressed agreement by signing, Browne cannot meaningfully argue that Hearn did not pay the settlement amount to Browne because the payment was not sent to Browne directly.

Incompetence to enter into a contract can be a defense to the contract. In Indiana, though, there is a legal presumption that adults are competent to enter into contracts that remains "until there is cause to believe they no longer have the capacity to do so." *Zawistoski v. Gene B. Glick Co.*, 727 N.E.2d 790, 794 (Ind. Ct. App. 2000).

As will be addressed below, Browne has failed to establish that the settlement agreement should not be enforced due to duress, unconscionability, or incompetency.

Browne indicates that, on January 26 and 27, 2022, she told Ciobanu that she did not want to settle the claims against Hearn. However, a change of heart does not render a later agreement to settle involuntary or one made under duress. Browne further contends that, on February 3, 2022, Ciobanu threatened to quit working if Browne did not settle her case. While this may have caused Browne to weigh her options differently than if Ciobanu would continue as counsel without an agreement to settle, it does not rise to the level of duress.

Browne alleges that Ciobanu coerced Browne into settling with the threat of financial harm. This overstates the matter. The supposed coercion was "by telling Browne litigating with Hearn will cause her financial ruin, then Mrs. Ciobanu sent Browne an invoice for [$]10,384." (Resp. to Enforcement of Settlement ¶ 3, ECF No. 205). Ciobanu offered her professional advice regarding Browne's potential costs of continued litigation of the claims against Hearn, and Browne receiving an invoice for services rendered is a natural consequence of Browne hiring Ciobanu to represent her. Difficult financial circumstances do not cause duress.

Browne also makes allegations against Ciobanu's professional competence and behavior. It is clear that Browne and Ciobanu had disputes regarding how to handle Browne's claims and related matters. However, Browne's allegations of actions performed by Ciobanu that Browne disagrees with do not amount to a deprivation of Browne's freewill in agreeing to and signing the

settlement agreement. Browne was free to fire Ciobanu and seek other counsel or litigate *pro se* if she wished to continue to litigate in a manner to which Ciobanu did not agree. An attorney offering advice to a client does not create coercion, and most of Browne's reports of Ciobanu's behavior are of Ciobanu advising Browne. The attorney-client relationship and its breakdown is a separate matter from whether Browne voluntarily agreed to settle with Hearn. Browne has not shown duress.

Browne would have the Court find the settlement agreement unconscionable, but having read the materials submitted by the parties, the Court makes no such finding. Both parties bargained for the agreement during a time when both were represented by counsel. Settlement offers were exchanged for amounts well below and well above the final amount. Both parties have given up rights in the agreement, as evidenced by the mutual confidentiality and non-disparagement clauses, and Hearn agreed to pay a monetary settlement in exchange for Browne dismissing all claims against Hearn. This is not an unconscionable contract.

Browne also mentions that she has been receiving mental health treatment, but there is insufficient evidence for the Court to entertain the theory that Browne was incompetent to enter into a contract on that basis.

Browne's briefs meander through several other topics but fail to fully argue any further matters. Arguments stated without explanation or support are perfunctory and undeveloped, and are therefore waived. *Ho v. Taflove*, 696 F. Supp. 2d 950, 961 (N.D. Ill. 2010) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

Because Browne and Hearn entered into a valid contract in the form of their settlement agreement and because there exists no just basis on which to find the agreement unenforceable, the Court grants Hearn's motion and denies Browne's motion.

**CONCLUSION**

Based on the above, the Court hereby **GRANTS** Anna Hearn's Motion to Enforce Settlement Agreement [DE 195] and **DENIES** the Motion to Null and Void the Settlement Agreement [DE 211]. Plaintiff Kathy Browne and Defendant Anna Hearn have entered into a valid settlement agreement. Hearn has performed her obligation under the agreement to tender the settlement check. The Court **ENFORCES** Browne's obligation to dismiss Hearn from this lawsuit. Defendant Anna Hearn is **DISMISSED with prejudice** from this lawsuit.

SO ORDERED on December 6, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT