UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE,  ) | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | CAUSE NO.: 2:20-CV-196-JVB-APR |
| ) | |
| JENNIFER WALDO,  ) | |
|     Defendant.  ) | |
| ) | |
| JENNIFER WALDO,  ) | |
|     Counterclaimant,  ) | |
| ) | |
| v.  ) | |
| ) | |
| KATHY BROWNE,  ) | |
|     Counterclaim Defendant.  ) | |

**OPINION AND ORDER**

This matter is before the Court on the following motions: (1) Plaintiff's Motion for Settlement Funds [DE 319] filed on January 19, 2023, by Plaintiff Kathy Browne, (2) Ciobanu's Verified Motion for Disbursement of Funds [DE 326] filed on February 2, 2023, by Browne's former counsel Andrea Ciobanu, and (3) Anna Hearn's Motion for Court to Retain Deposited Funds Pending Resolution of Plaintiff's Claims Challenging Enforcement of Settlement Agreement [DE 327] filed on February 3, 2023, by a former defendant in this cause of action. Browne responded to Hearn's motion on February 7, 2023, and to Ciobanu's motion on February 8, 2023. No other responses or replies were filed.

**BACKGROUND**

Browne, originally represented by Ciobanu, sued Hearn (and other defendants) in this cause of action. On February 4, 2022, Browne (via Ciobanu) filed a notice of settlement of the claims between her and Hearn. On March 22, 2022, Ciobanu asked to withdraw her appearance on

behalf of Browne, a request that the Court granted on March 25, 2022. On April 7, 2022, Hearn first moved to enforce the settlement agreement between her and Browne. The initial motion was denied, but a renewed motion was granted on December 6, 2022. The order dismissed Hearn with prejudice from the lawsuit. No judgment was entered.

On December 22, 2022, Ciobanu moved to deposit into the Court's registry the settlement check that her office had received from Hearn. Concurrently with that filing, Ciobanu filed a notice of attorney's lien regarding fees owed to her by Browne and citing Indiana Code § 33-34-4-1 as authority for the lien. On December 28, 2022, Ciobanu filed a notice of equitable attorney's lien regarding the same fees. The amount of fees incurred is stated in both notices of lien to be $14,559.94.

On January 10, 2023, the Court granted the motion to deposit the check into the Court's registry. On January 20, 2023, the Court noted on the docket receipt of the check for settlement proceeds in the amount of $22,500.00.

## ANALYSIS

### A. Hearn's Motion

Hearn's motion is quickly resolved. Hearn asked the Court to retain the settlement funds while Browne pursued claims against Hearn in cause number 2:22-CV-368 in this judicial district. On February 21, 2023, Browne filed a notice of dismissal of her claims against Hearn under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Thus, Hearn's motion is now unneeded. The Court denies as moot Hearn's motion to retain.

### B. Validity of Lien

Federal courts apply the forum state's law when resolving questions of attorney liens. *Iqbal v. Patel*, 2:12-cv-56, 2017 WL 6629399, at *1 (N.D. Ind. Dec. 29, 2017) (quoting *Holly v. Rent-*

2

*A-Center*, No. IP 00-580-C-Y/F, 2000 WL 1134536, at *1 (S.D. Ind. Aug. 9, 2000)). Indiana recognizes an attorney's charging lien, which is the equitable right of an attorney to have fees and costs owed to them for services provided in a lawsuit to be secured out of the funds their client recovers in the lawsuit. *Bennet v. NSR, Inc.*, 553 N.E.2d 881, 882 n.1 (Ind. Ct. App. 1990).

Indiana's statutes provide for a charging lien "on a judgment rendered." Ind. Code § 33-43-4-1. Under this statutory scheme, "an attorney fee lien is not valid if the life is filed before judgment is entered in the case." *Clem v. Watts*, 27 N.E.3d 789, 793 (Ind. Ct. App. 2015). There is no judgment entered in this case, so there is no valid statutory charging lien.

However, Indiana also recognizes that an equitable charging lien may exist and be enforced in the absence of a judgment. *See Adams ex rel. Adams v. Sand Creek, Inc.*, 860 N.E.2d 898, 900 n.1 (Ind. Ct. App. 2007); *see also State Farm Mut. Auto. Ins. Co. v. Ken Nunn Law Office*, 977 N.E.2d 971, 977 (Ind. Ct. App. 2012). Browne has not disputed that an equitable charging lien can exist in the circumstances of this lawsuit: one defendant settled with the attorney's client, the case remains pending as to another defendant, and the settlement proceeds have been deposited with the Court. The Court has not been able to find a case applying Indiana law that presents these same circumstances or a case that provides factors to consider when determining whether equity directs the Court to find that a lien exists. Still, the Court finds that equity does demand that, in the circumstances presented here, a lien be found to exist, and the Court predicts that an Indiana state court considering the matter would find the same. The Court finds that there is a valid equitable charging lien for attorney fees and expenses.

### C. Amount of Lien

Ciobanu has presented evidence, in the form of invoices, of an outstanding balance of $14,559.94 owed to Ciobanu by Browne for attorney time and expenses. Browne disputes that the

balance is accurate. Browne represents that she paid Ciobanu's invoices through at least January 7, 2022, and Browne has not disputed Ciobanu's rate.

Browne contests Ciobanu's invoices, asserting that Ciobanu charged Browne twice for depositions. Browne has presented an email indicating that a charge to her account was made for discovery and upcoming depositions, and Browne presents evidence that she paid this charge. However, there is no indication that the charge was for the same deposition that is listed as an unpaid charge that contributes to Browne's outstanding balance. There is some indication that the paid charge was for Jennifer Waldo and Anna Hearn's depositions (and possibly Brian Oller's), *see* (Browne Exhibit at 19-20, ECF No. 329-1), and that the outstanding charge is for Browne's deposition, *see* (Exhibit A at 3, ECF No. 326-1). Browne has presented insufficient evidence to show that Ciobanu double-charged Browne.

Browne maintains that Ciobanu communicated with Brian Oller's attorney and that, on March 18, 2022, Browne instructed Ciobanu not to. Browne contests a $632 charge incurred for such communication. The only $632 charge on the invoices predates March 18, 2022, so there is no basis to reduce the amount of the lien on this argument.

Browne argues that items billed on invoice #5118 include time spent after Ciobanu's withdrawal from Browne's case. The last items billed are dated March 23, 2022. Ciobanu's appearance was withdrawn on March 25, 2022. Though Ciobanu moved to withdraw on March 22, 2022, the items billed on March 23 are "communications," "updates," and "several responses to client's multiple emails." (Exhibit A at 8, ECF No. 326-1). The entries also indicate that Ciobanu's time was "substantially reduced in connection with time expended." *Id.* Given that Ciobanu was still counsel of record and given that this time seems wisely spent in preparing for

the transition away from Ciobanu as counsel, the time was appropriately expended and billed. The Court will not reduce these billing entries.

Browne also raises issues she has presented before regarding Ciobanu's handling of Browne's case and Browne's displeasure at having settled her claims against Hearn. Regarding any "buyer's remorse" Browne may feel about her settlement agreement with Hearn, the Court has already determined that there is a valid agreement. The Court will not disturb that ruling here.

Regarding Browne's disapproval of Ciobanu's handling of Browne's case, several of Browne's arguments do not relate to the outstanding charges and do not speak to the instant dispute. Elsewhere, Browne asserts that she paid Ciobanu to conduct discovery but that the discovery was not performed to Browne's satisfaction. There is a difference between an item paid for not being performed and an item paid for not being performed *as the client wished it to be performed*. The first matter would be improperly invoiced. The second matter, at least on the facts presented in this case, is an issue of differing litigation strategies between counsel and client. An attorney is not a robot to whom a client gives instructions, which are then performed as instructed with no independent thought. An attorney is a licensed professional with expert knowledge and ethical obligations. When the client and attorney reach an impasse, the solution is to sever the attorney-client relationship; the solution is not to override the attorney's guidance, ignore the attorney's ethical obligations, and force the attorney to take action she is unwilling to take. Browne now taking issue with Ciobanu's refusal to robotically follow Browne's dictates during discovery do not show that Ciobanu has not earned the outstanding fees and expenses.

The Court finds that the $14,559.94 listed on the invoices is due and owing to Ciobanu. Accordingly, this is the amount of the equitable charging lien.

## CONCLUSION

Based on the above, the Court hereby **GRANTS in part** Plaintiff's Motion for Settlement Funds [DE 319], **GRANTS** Ciobanu's Verified Motion for Disbursement of Funds [DE 326], and **DENIES as moot** Anna Hearn's Motion for Court to Retain Deposited Funds Pending Resolution of Plaintiff's Claims Challenging Enforcement of Settlement Agreement [DE 327]. The Court **DIRECTS** the Clerk of Court to **DISBURSE** the funds deposited with the Court in association with this cause of action as follows: $14,559.94 to Andrea Ciobanu, Ciobanu Law PC, 902 66th St., Indianapolis, IN 46220, and the remainder (less the amount deducted as the registry fee as authorized by the Judicial Conference of the United States) to Kathy Browne at her address of record.

SO ORDERED on February 23, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT