UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE, <br><br> Counter-Defendant, <br><br> v. <br><br> JENNIFER WALDO, <br><br> Counter-Plaintiff. | Case No. 2:20-CV-196 JD |

## OPINION AND ORDER

On March 27, 2023, Judge Joseph Van Bokkelen granted Jennifer Waldo's motion for summary judgment on Kathy Browne's claims for defamation, defamation per se, slander, slander per se, false light, and abuse of process. With the termination of these claims, all that remains are Ms. Waldo's counterclaims against Ms. Browne: intentional infliction of emotional distress; defamation; distribution of an intimate image in violation of Indiana Code § 24-21.5-3-1; and specific performance of a contract between the parties. After Judge Van Bokkelen ruled on the parties' cross-motions for summary judgment, the case was transferred to the undersigned.

Ahead of trial, Ms. Browne file a "motion for consideration" (DE 370) and two other motions that seek to supplement the original one with additional evidence (DE 371 & 372).[1] Ms. Browne's motion for consideration asks the Court to find that Ms. Waldo spoliated evidence relevant to this case. In particular, she alleges that Ms. Waldo failed to preserve her cell phone records by switching her phones and cellular service providers. She is also claiming that Ms. Waldo withheld from Ms. Browne cell phone records and should not now be allowed to use them at trial. Finally, Ms. Browne is asking the Court to take judicial notice of certain documents from

---

[1] Ms. Browne is representing herself.

state court proceedings and to admit them into evidence. The Court will deny Ms. Browne's "motion for consideration."

### A. Ms. Browne's Motion to Reconsider the Court's Rulings Regarding Spoliation

Ms. Brown has already twice raised her spoliation argument. She first did so by way of a motion to dispute Ms. Waldo's forensic report at the summary judgment stage (DE 322) and in her "motion to correct court error and reconsider" (DE 349). Judge Van Bokkelen denied both motions. (Op. & Order, DE 346 at 6 ("Browne has failed to establish that spoliation occurred, so the Court will not provide the requested relief."); Op. & Order, DE 350 at 2 ("The Court affirms its ruling that Browne has not shown that Waldo intentionally destroyed, mutilated, altered, or concealed relevant evidence. Browne, having lost on the arguments originally presented, cannot make a second attempt to win by presenting new arguments in her motion for reconsideration.").)

Ms. Browne's latest motion for a finding of spoliation amounts to a second motion to reconsider for which she provides no basis. Motions to reconsider are proper "to correct manifest errors of law or fact or present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The standard is deliberately high to avoid repeated motions on the same subject. However useful motions for reconsideration may be, the problems that justify them "rarely arise and the motion to reconsider should be equally rare." *Id*. Motions for reconsideration are not at the disposal of parties who want to rehash old arguments.

Here, Ms. Browne is repeating the same points she's made before. The Court understands what Ms. Browne is asking but her request is meritless as explained by Judge Van Bokkelen. Moreover, Ms. Browne hasn't demonstrated that either the facts or law has changed since her last filings. Accordingly, the Court denies her request for a finding of spoliation.

### B. Ms. Browne's Claim that Ms. Waldo has Withheld Evidence

Next, Ms. Browne claims that Ms. Waldo withheld cell phone records and should not now be allowed to use them at trial. While Ms. Browne presents no basis for her claim, if she believes that certain evidence has been withheld from her, this matter should have been taken up in a motion to compel, which Browne did not properly file during discovery, as Judge Van Bokkelen had found. (*See* Op. & Order, DE 346 at 6.) Discovery closed more than a year and a half ago, and there's no indication that Ms. Browne only now learned that purportedly some evidence has not been disclosed to her. Therefore, no grounds exist for relief.

### C. Ms. Browne's Request for Judicial Notice

Finally, Ms. Browne is asking the Court to take judicial notice of certain documents from state court proceedings and to admit them into evidence. While "[c]ourts routinely take judicial notice of the actions of other courts or the contents of filings in other courts," *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016), "[t]aking judicial notice of the contents of hearsay statements in such filings to prove the truth of the matters is much harder to justify," *id*. A judicial notice of finding of fact can be taken "from another court proceeding only if, among other requirements, the fact is 'not subject to reasonable dispute.'" *Id*. "Judicial notice is a powerful tool that must be used with caution." *Id*.

Ms. Browne requests that the Court take judicial notice of her Exhibits 1, 2, and 3, as well as a subpoena issued on her behalf to Ms. Waldo on November 24, 2021. In reviewing Ms. Browne's motion, the Court cannot discern another purpose in Ms. Browne's request other than to prove spoliation and that Ms. Waldo withheld evidence from her. To that extent, her request

must be denied as moot, given that these two issues have already been decided. It also appears that Ms. Brown is seeking judicial notice of the contents that contain hearsay and that are subject to reasonable dispute. For example, her proposed exhibits contain email exchanges between attorneys, text messages between parties and nonparties, a motion to show cause, transcript excerpts, a petition for protective order, a warrant for an arrest, subpoenas and alike. While it's unclear for what purpose each of these documents is submitted, insofar as Ms. Browne wants to prove the truth of the matters asserted in them, such documents aren't appropriate for judicial notice. In conclusion, Ms. Browne hasn't shown that any of the proposed documents are proper for judicial notice.

### D. Conclusion

For these reasons, the Court DENIES Ms. Browne's "motion for consideration" (DE 370). To the extent that her motions in docket entries 371 and 372 seek to supplement the exhibits related to the "motion for consideration" (DE 370), they are GRANTED; but to the extent that they mirror the request in the "motion for consideration," they are DENIED.

SO ORDERED.

ENTERED: December 8, 2023

                                                    /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court