UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KATHY BROWNE,

    Counter-Defendant,

    v.

JENNIFER WALDO,

    Counter-Plaintiff.

Case No. 2:20-CV-196 JD

## OPINION AND ORDER

Counter-Plaintiff, Jennifer Waldo, has moved to seal her Exhibits 6, 7, 8 and 9 (filed as Docket Entries 395-1, 395-2, 395-3, and 395-4) which, along with text messages and emails, contain intimate images of Ms. Waldo.[1] Ms. Waldo intends to use these exhibit at trial. Counter-Defendant Kathy Browne has not objected to the motion.

While documents filed with the Court are presumptively public, the Court may deny public access when "compelling reasons exist for denying the public access to the proceedings." *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978). Here good cause exists for redacting (blacking out) Ms. Waldo's intimate images. Although these images will not be sealed from the public at trial if Ms. Waldo introduces them into evidence, to prevent their dissemination, Ms. Waldo's Exhibits 6, 7, 8, and 9 must be redacted to black out the intimate images. "The 'overwhelming majority of state legislatures have enacted laws criminalizing the nonconsensual dissemination of private sexual images.'" *State v. Katz*,

---

[1] In part, Ms. Waldo's case rests on accusation that Ms. Browne disclosed nonconsensual pornography of Ms. Waldo in violation of Indiana Code § 34-21.5-3-1. As relevant here, Indiana Code 34-21.5-2-1(5) defines an "intimate image" as "a photograph . . . that depicts . . . the exhibition of the uncovered buttocks, genitals, or female breast of an individual."

179 N.E.3d 431, 450 (Ind. 2022), quoting *People v. Austin*, 155 N.E.3d 439, 452 (Ill. 2019). Allowing these images to become publicly available via Pacer would cause the very harms that states have sought to prevent by passing these laws. Ms. Waldo should not be forced to choose between litigating her claims or maintaining the privacy of these photos.

However, Ms. Waldo has not explained why the text messages and emails accompanying the images, which have been openly discussed during this litigation, must also be removed from the public's view. Without an explanation why the text messages and emails are subject to the same considerations as the intimate images, the Court declines to place them under seal.

For these reasons, the Court GRANTS IN PART Ms. Waldo's motion to seal (DE 396) and ORDERS Ms. Waldo, by December 29, 2023, to either—

1. file on the docket copies of Exhibits 1, 3, and 4 with the intimate images blacked out on the following pages:

    a. Docket Entry 395-1, pages 1 and 16;

    b. Docket Entry 395-3, pages 1 and 2;

    c. Docket Entry 395-4, page 1;[2]

or

2. file a supplemental brief why she believes that the accompanying text and email messages must also be redacted in part or sealed in their entirety.[3]

    The Court directs the Clerk to seal docket entries DE 395-1, 395-2, 395-3, and 395-4.

---

[2] Docket Entry 395-2 contains only intimate images so it will remain under seal in its entirety.

[3] Ms. Waldo's motion to seal did not identify the pages on which the intimate images appear. If the Court missed any such images in its review, Ms. Waldo should notify the Court so that additional redactions can be made.

SO ORDERED.

ENTERED: December 13, 2023

                                                      /s/ JON E. DEGUILIO
                                                      Judge
                                                      United States District Court