UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE, <br><br>   Counter-Defendant, <br><br> v. <br><br> JENNIFER WALDO, <br><br>   Counter-Plaintiff. | Case No. 2:20-CV-196 JD |

**OPINION AND ORDER**

More than three years after filing her lawsuit, and five months after the last of her claims were disposed of on summary judgment, and with the trial set just months away, Kathy Browne is requesting leave to amend her complaint.[1] (DE 374 and 375). As explained below, the Court will deny her motions.

**A. Background**

**(1)** *Procedural Background*

On May 13, 2020, Kathy Browne sued Anna Hearn; Jennifer Waldo; the City of Valparaiso, Indiana; and Sgt. Stephen Kobitz. She filed an amended complaint against the same defendants on July 2, 2020. In her amended complaint, she alleged seventeen counts which ranged from violations of due process, malicious prosecution, defamation, intentional infliction of emotional distress, disclosure of nonconsensual pornography, and alike. On July 16, 2020, Ms. Waldo counterclaimed against Ms. Browne.

---

[1] Ms. Browne is representing herself.

In 2021, Judge Joseph Van Bokkelen dismissed Ms. Browne's claims against Sgt. Kobitz and the City of Valparaiso. (Op. & Order, DE 76; Order, DE 103.) On December 6, 2022, Judge Van Bokkelen granted Ms. Hearn's motion to enforce the settlement agreement, denied Ms. Browne's motion to null and void the settlement agreement, and dismissed Ms. Hearn with prejudice. (Op. & Order, DE 296.)

On March 27, 2023, Judge Van Bokkelen granted Ms. Waldo's motion for summary judgment on Ms. Browne's claims for defamation, defamation per se, slander, slander per se, false light, and abuse of process. With the termination of these claims, all that remains of this case are Ms. Waldo's counterclaims against Ms. Browne: intentional infliction of emotional distress; defamation; distribution of an intimate image in violation of Indiana Code § 24-21.5-3-1; and specific performance of a contract between the parties. (Pl.'s Tr. Brief, DE 397 at 1.) After Judge Van Bokkelen ruled on the parties' cross-motions for summary judgment, the case was transferred to the undersigned.

Five months after Judge Van Bokkelen disposed of Ms. Browne's claims, Ms. Browne filed two motions to amend the complaint. (DE 374 & 375). As best the Court can discern, Ms. Brown wants to reinstate as defendants Ms. Hearn and Ms. Waldo and advance against them claims for fraud and malicious prosecution.[2]

Final pretrial conference is scheduled for January 10, 2024, and trial is set to begin on March 4, 2024.

---

[2] Ms. Browne also mentions in passing a claim for "violation of her 4th Amendment [rights]." (Browne Proposed Am. Compl., DE 375-1 at 2.)

2

**(2) *Factual Background*[3]**

Ms. Browne and Ms. Waldo were friends between 2017 and 2019. Ms. Browne was engaged to Rafer Weigel but the engagement was broken off in early 2019. Around that time, Mr. Weigel prompted an Instagram exchange with Ms. Waldo by commenting on her picture. Ms. Waldo responded several months later and began an extramarital relationship with Mr. Weigel. However, this relationship soured and ended in early August 2019. During the relationship, Ms. Waldo sent Mr. Weigel a series of intimate photographs.

Meanwhile, in June or July 2019, Ms. Waldo reached out to Dr. David Mueller on Instagram. Ms. Waldo told Dr. Mueller that her neighbor, Brian Oller, had raped and abused her because she could not get Ms. Browne to go out with him. Ms. Waldo said that she would send Dr. Mueller a nude video of Ms. Browne after obtaining it from Mr. Weigel. Dr. Mueller blocked Ms. Waldo around August 2019 before Ms. Waldo sent the nude video of Ms. Browne to him. According to Ms. Waldo, Mr. Weigel wanted her help to create a fake Instagram account to send Dr. Mueller a naked video of Ms. Browne.

On August 24, 2019, Ms. Browne sent Ms. Waldo a series of intimate photographs that Ms. Waldo had sent to Mr. Weigel during their relationship. Ms. Browne texted Ms. Waldo saying she heard that the photographs were being sent to the school of Ms. Waldo's children. Ms. Browne commented that she was concerned about Ms. Waldo and did not want the pictures to get out, or Ms. Waldo's children and husband to see them. Ms. Waldo responded saying: "Kathy congrats this is a felony" and "Please get help and this is sent to the police. You just committed a felony look it up darling thank you now [I] have all [I] need." Mr. Oller says that five days later

---

[3] The facts are taken from Judge Van Bokkelen's Opinion and Order regarding the parties' cross-motions for summary judgment. (Op. & Order, DE 346 at 8–12.)

3

Ms. Waldo told him, "You are going to enjoy seeing your girlfriend's mugshot. I had her send me photos she shouldn't have."

On September 11, 2019, Ms. Browne emailed Ms. Waldo disparaging her sexual appearance and asking if her children and husband knew about the pictures.

On September 20, 2019, Ms. Waldo and her attorney, Ms. Hearn, went to the Valparaiso police station to make a report regarding the revenge pornography perpetrated by Ms. Browne and Mr. Weigel. Ms. Hearn provided Sgt. Stephen Kobitz with an *ex parte* protective order she prepared to serve on Ms. Browne.

On October 1, 2019, Ms. Waldo received an email from the social media app Bumble about a profile created in her name. The "About Me" section of the profile read "Tramp with herpes" and the "My work & education" section read "Prostitute at Home." As Ms. Waldo did not create this account and had never had a Bumble account, she and Ms. Hearn returned to the police station and reported Ms. Browne and Mr. Weigel as the suspects behind the creation of the imposter account.

On January 15, 2020, the parties participated in a court hearing in Cause No. 64D05-1909-PO8994 in Porter County, Indiana. Ms. Waldo was represented by Ms. Hearn and Ms. Browne was represented by Ken Elwood. During the hearing, Mr. Elwood designated an intimate image of Ms. Browne, which Ms. Hearn later referenced during Ms. Waldo's testimony. Ms. Hearn had provided the photo of Ms. Browne to Mr. Elwood, which Mr. Elwood characterized as an "insufficiently unredacted topless photo." Ms. Brown appeared to be humiliated by the exchange.

The protective order against Ms. Browne in Porter County was dismissed on Ms. Waldo's request because the parties agreed not to have any kind of contact with each other or

family members, with a written agreement to follow. However, on April 7, 2020, Ms. Waldo again petitioned for a protective order against Ms. Browne because Ms. Browne refused to sign the agreement and started alluding on social media to the fractured relationship between them. Ms. Waldo also believed that, after a Chicago Tribune reporter, Jerry Davich, wrote an article featuring Ms. Waldo as a nurse who was helping to sew masks during the onset of the Covid-19 pandemic, Ms. Brown contacted him and accused Ms. Waldo of sexual misconduct.

### B. Legal Standard for a Motion to Amend the Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be "freely given when justice so requires." According to the Supreme Court of the United States, "this mandate is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), unless there is an apparent or declared reason:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id*.; *see also Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) ("Leave to amend a pleading is to be 'freely given when justice so requires.' Fed. R. Civ. P. 15(a). Even so, leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party."). Thus, if the facts or circumstances relied upon by a plaintiff could be a proper subject of relief, the plaintiff should be given a chance to test the claim on the merits. *See Foman*, 371 U.S. at 182. Futility is generally measured by whether the amendment can withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Peoples v.*

*Sebring Cap. Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

### C. Discussion

In moving to amend the complaint, Ms. Browne claims that, unless granted leave, she won't be able to properly defend herself against Ms. Waldo's counterclaim. With her motion, Ms. Browne submitted a proposed amended complaint which is not entirely cohesive and at times is difficult to follow. But there are four allegations against Ms. Waldo and Ms. Hearn that Ms. Browne makes repeatedly:

1. Ms. Waldo represented in state court that she did not speak with Ms. Browne on August 24, 2019. Yet to get a protective order from a Virginia state court, Ms. Waldo stated that they did speak on that date and accused Ms. Browne of making various threats during their conversation.

2. Ms. Hearn denied in her Answer that she and Ms. Waldo went to Richmond, Virginia, to obtain a protective order against Ms. Browne but on November 30, 2021, Ms. Hearn testified that she did in fact go to Richmond.

3. To secure a protective order for Ms. Waldo against Ms. Brown from an Indiana state court, Ms. Hearn failed to notify Ms. Browne of a hearing set for October 17, 2019. To accomplish the same objective in Richmond, Ms. Hearn failed to notify Ms. Browne of a May 15, 2020, hearing in a Virginia state court.

4. Finally, Ms. Browne claims that she was arrested in Richmond for allegedly emailing intimate pictures of Ms. Waldo and for slandering her to a Chicago Tribune reporter. Yet

on October 5, 2020, the charges were dismissed and she was granted a protective order against Ms. Waldo for stalking her. The Chicago Tribune reporter confirmed that he had no contact with Ms. Browne. According to Ms. Browne, this establishes that Ms. Waldo knows that her defamation counterclaim is false.

Ms. Browne maintains that these allegations amount to claims for fraud and malicious prosecution and that she should be allowed to bring them against Ms. Waldo and Ms. Hearn. But Ms. Browne's motion to amend fails in every respect: the motion is brought in bad faith; granting it would cause undue delay and undue prejudice to Ms. Waldo; and the motion is futile.

**(1)** *Bad Faith*

In relation to Ms. Hearn, Ms. Browne's motion to amend the complaint is made in bad faith. Around March 2022, Ms. Hearn and Ms. Brown settled, agreeing to resolve all claims between them. (DE 154.) However, Ms. Browne reneged on the agreement and refused to dismiss the claims against Ms. Hearn. As a result, on December 6, 2022, Judge Van Bokkelen granted Ms. Hearn's motion to enforce the settlement agreement and dismissed Ms. Hearn with prejudice. (Op. & Order, DE 296.)

Ms. Browne's attempt to haul Ms. Hearn back into this case demonstrates her lack of good faith. Her motion to amend amounts to yet another—third—challenge to the enforceability of the Settlement Agreement. (*See* Ms. Browne's earlier motions at DE 211 ("Motion to Null and Void the Settlement Agreement) and DE 289 (In Response to Anna Hearn's Opposition on Camera Hearing and Enforcement of Settlement Agreement).) While Ms. Browne is at liberty to disagree with the Court's rulings, she may not turn her disagreement into a perpetual attempt to get a second bite at the apple. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion

that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."). Ms. Browne has neither advanced a new argument nor shown that anything has changed since the Court's previous rulings. Rather, her latest attempt to undermine the settlement agreement is based on her lack of willingness to abide by the Court's rulings.

**(2)** *Undue Delay and Prejudice*

Next, if Ms. Browne's motion to amend the complaint were granted, this case would be unduly delayed and Ms. Waldo and Ms. Hearn would suffer undue prejudice. "Generally, undue delay occurs when a motion to amend would 'transform' or prolong the litigation unnecessarily." *Maxwell v. S. Bend Work Release Ctr.*, No. 3:09-CV-008-PPS, 2010 WL 3239319, at *2 (N.D. Ind. Aug. 13, 2010), quoting *Eckstein v. Balcor Film Investors*, 58 F.3d 1162, 1170 (7th Cir. 1995). "In determining whether undue delay has occurred, courts consider the similarity of the factual basis for the claims in the original complaint to the proposed new claims, the movant's explanation for waiting to raise the new claims, whether the movant is attempting to introduce a new theory of the case, and whether granting the motion to amend will require new or duplicated discovery efforts." *Id.*, 2010 WL 3239319, at *2 (internal citations omitted). Here, discovery closed more than a year and a half ago, Ms. Hearn was dismissed more than a year ago, and, since the grant of Ms. Waldo's motion for summary judgment, only the counterclaims against Ms. Brown remain. Allowing Ms. Browne to litigate the fraud and malicious prosecution claims would set this case back to its beginning. Moreover, Ms. Browne's allegations are not based on new facts or new revelations. All the incidents alleged in her proposed amended complaint occurred in August 2019, October 2019, May 2020, October 2020, and November 2021, that is,

two to four years ago. Ms. Browne's filings show that she knew of these incidents for just as long, yet she has failed to present a single reason to excuse the undue delay and the waste of resources that would result if the Court were to take up the matters now. In addition, Judge Van Bokkelen has already noted that Ms. Waldo would be prejudiced by any amendments at this late date. (*See* Op. & Order, DE 346 at 13.) As for Ms. Hearn, having been dismissed with prejudice after settling, she would no doubt suffer undue prejudice if additional claims were now added against her.

### (3) *Futility of the Proposed Claims*

Finally, Ms. Browne's proposed claims are futile. Ms. Browne already sued Ms. Hearn and Ms. Waldo for fraud in the Eastern District of Virginia, in *Browne v. Waldo et al.*, 3:22-CV-648 (filed on September 30, 2022). Consequently, relitigation of this claim is barred by both claim and issue preclusion because Ms. Browne's fraud claim is based on the same operative facts finally resolved on the merits in the Eastern District of Virginia and involve the same parties.[4] *See United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009) ("Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest).") (citations omitted).)

In addition, a claim for fraud requires an allegation of fraudulent misrepresentation and reliance, *see Johnson v. Wysocki*, 990 N.E.2d 456, 460 (Ind. 2013), but Ms. Browne does not allege that she relied on any of Ms. Hearn's or Ms. Waldo's misrepresentations. Nor is it clear

---

[4] *See Browne v. Waldo*, No. 3:22-CV-648-HEH, 2023 WL 2974483, at *6 (E.D. Va. Apr. 17, 2023) ("As previously stated, Plaintiff alleges the following counts against Defendants: . . . (3) fraud . . . . All of Plaintiff's allegations fail to state a claim upon which relief can be granted.").

9

what representations Ms. Browne has in mind. She references multiple statements made during various state legal proceedings in Indiana and Virginia, but these cannot form the basis of a claim because both Indiana and Virginia recognize an absolute privilege that protects statements made during a judicial proceeding, so long as they are pertinent to the issues in the proceeding. *See Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008) ("Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements."); *Lindeman v. Lesnick*, 604 S.E.2d 55, 58 (Va. 2004) ("Absolute privilege, sometimes called judicial privilege, is broad in scope and applies to communications made in proceedings pending in a court or before a quasi-judicial body. If the communication is made in such a judicial proceeding, it need only be relevant and pertinent to the case to be protected by the privilege. The reason for the rule of absolute privilege in judicial proceedings is to encourage unrestricted speech in litigation. In addition, absolute privilege is extended to statements made in the course of judicial proceedings because of the safeguards that exist in such proceedings, including liability for perjury and the applicability of the rules of evidence.") (citations and quotation marks omitted).

As for Ms. Browne's claim for malicious prosecution against Ms. Hearn and Ms. Waldo, Judge Van Bokkelen addressed and dismissed that claim almost three years ago:

> In Count V, Browne pleads a claim of malicious prosecution against Hearn, Waldo, and Valparaiso. Under both Indiana and federal law, Browne can sustain a claim for malicious prosecution only if "the original action was terminated in [Browne's] favor." *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014). Browne states that the criminal case against her was dismissed without prejudice (Am. Compl. ¶ 62). However, only a conclusive dismissal on the merits counts as a "termination" in Browne's favor; a dismissal without prejudice does not count, because the charges can still be reinstated. *Quiroz v. Hall*, No. 2:12-CV-212, 2012 WL 6019283, at *10 (N.D. Ind. Dec. 3, 2012) (citing *Walker v. Toyota Motor Credit Corp.*, 2007 WL 2500177, at *3-4 (S.D. Ind. Aug. 30, 2007). Browne does not defend the claim in briefing, so it is dismissed.

(Op. & Order, DE 76 at 15.) As for the Fourth Amendment claim, although such claim can be brought in a civil rights action under 42 U.S.C. § 1983, it can only be asserted against a state actor, not a private entity. *See Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). In short, Ms. Browne's proposed claims are doomed to fail even if the motion to amend were granted.[5]

### D. Conclusion

For these reasons, the Court DENIES Ms. Browne's motions to amend the complaint (DE 374 & 375).

SO ORDERED.

ENTERED: December 19, 2023

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[5] Ms. Browne submits that, unless her motion to amend is granted, she won't be able to properly defend herself against Ms. Waldo's counterclaims, but that's not true. Although all of Ms. Browne's claims have been disposed of and she may not prosecute other claims against Ms. Waldo, she will be able to testify to the matters alleged in the proposed complaint and call witnesses in her support, so long as the testimony complies with the Federal Rule of Evidence.