UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER WALDO,<br><br>    Defendant. | Case No. 2:20-CV-196 JD |

**OPINION AND ORDER**

Now before the Court is the Counter-Plaintiff (hereinafter "Plaintiff"), Jennifer Waldo's, motion *in limine*. (DE 414.) The Counter-Defendant (hereinafter "Defendant"), Kathy Browne, has responded and thus the motion is ripe.

As a preliminary matter, the Court will note that Ms. Browne's response to the motion *in limine* does not substantively respond to any of the requests by Ms. Waldo, rather it rehashes or raises new disputes regarding the admissibility of certain Plaintiff exhibits or witnesses.

**A. Ms. Waldo's Motion *in Limine***

The Court will first address the requests Ms. Waldo makes in her motion *in limine*.

***(1) Bar any reference to, or evidence of, Porter Superior Court Case No. 64D03-2210-F6-8446***

Ms. Waldo's first request is to bar any reference to, or evidence of, a criminal case filed against Ms. Waldo. The charges in this prior case were ultimately dismissed without a conviction

and are scheduled for automatic expungement under Indiana law.[1] (DE 414-2.) Ms. Waldo objects to the discussion of this legal action at trial, arguing that it would be an inappropriate attempt to use prior criminal behavior to impeach Ms. Waldo's credibility. The Court agrees.

First, Ms. Browne is barred from introducing extrinsic evidence of a prior criminal charge to impeach Ms. Waldo. "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness' conduct in order to attack or support the witness' character for truthfulness." Fed. R. Evid. 608(b). As the Porter County case was dismissed without a conviction, Rule 609 is unavailable to Ms. Browne in this case. Fed. R. Evid. 609.

Second, Rule 404(b) generally prohibits the admission of evidence of a person's character to show a person acted in accordance with that character. Fed. R. Evid. 404(a)(1). This includes a prohibition on using a person's prior arrests for that purpose. *Betts v. City of Chicago*, 784 F.Supp.2d 1020, 1024 (N.D. Ill. 2011). In fact, a witness' arrest record is generally inadmissible under either Rule 404, as impermissible character evidence, or Rule 403 as its probative value is substantially outweighed by its prejudicial effect. *Id.*; *see also Thompson v. City of Chicago*, 722 F.3d 963, 977 (7th Cir. 2013) ("In general, a witness's arrest record will not be admissible, either because it is inadmissible character evidence under Rule 404(b) or because it is substantially more unfairly prejudicial than probative under Rule 403.").

Third, as noted in the prior paragraph, Waldo's criminal history is prohibited by Rule 403 which bars even probative and relevant evidence when its probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. The course of legal proceedings in a

---

[1] Ms. Browne's reply alleges that not the entire case was dismissed and there is still a charge pending in this case. However, she has not provided any evidence to support this claim. Moreover, it does not impact the Court's analysis under Rule 404 or 403.

different matter is irrelevant to the issues proceeding to trial. Further, it risks confusing the jury and invites the parties to conduct a trial within a trial as they potentially relitigate the outcome of the criminal matter. Finally, it unduly prejudices Ms. Waldo by introducing evidence of other bad acts she allegedly committed.

Accordingly, the Court will bar either party from referencing or introducing evidence or testimony regarding the dismissed criminal charges against Ms. Waldo in Porter Superior Court Case No. 64D03-2210-F6-8446.

***(2) Bar any reference to, or evidence of, the argument that Ms. Waldo spoliated or destroyed evidence***

Ms. Waldo requests there be no reference or evidence at trial relating to Ms. Browne's claims that Ms. Waldo spoliated or destroyed evidence. This request will be granted.

This will be the fourth time the Court has ruled on Ms. Browne's claims regarding spoliation or destruction of the evidence. *It should be the last time*. The Court has previously rejected the argument in three orders and incorporates by reference their analysis here. (DE 402 at 3; DE 250 at 2; DE 346 at 6.) Any argument of this issue before the jury would be irrelevant to the claims advancing to trial and unduly prejudicial to Ms. Waldo. Fed. R. Evid. 401, 402, 403. Accordingly, the Court bars either party from referencing any argument that Ms. Waldo allegedly spoliated or destroyed evidence, or any evidence or testimony to that effect.

***(3) Bar any reference to, or evidence of, the argument that Ms. Waldo failed to cooperate during discovery***

Ms. Waldo next requests that the Court bar Ms. Browne from presenting any argument that Ms. Waldo failed to cooperate during discovery. Ms. Waldo identifies nine particular arguments she would like barred: (1) co-defendant Anna Hearn failed to comply with Local Rule 6.1(b)(3), (2) Anna Hearn allegedly withheld documents regarding the Bumble account at issue and conversations with Sergeant Kobitz, (3) Waldo allegedly deleted the Bumble app from her phone and allegedly discarded her cell phone during the 2019 criminal investigation, (4) Waldo allegedly "failed to complete her deposition, (5) Waldo allegedly "refused" a forensic examination of her phone, (6) Waldo allegedly "destroyed evidence" by switching phone companies, (7) Waldo allegedly "failed to disclose" her September 20, 2019 protective order, (8) Waldo allegedly failed to comply with Browne's subpoena *duces tecum*, (9) Waldo "refused to attend" a November 14, 2019 deposition with the Valparaiso Police Department victim unit.

As a general matter, it is inappropriate to argue discovery disputes before the jury as these are issues to be resolved before the Court. *See Genesys Cloud Servs., Inc. v. Strahan*, No. 1:19-CV-0069, 2023 WL 2187508, at *11 (S.D. Ind. Feb. 23, 2023) (granting a motion *in limine* precluding *"*any reference to discovery disputes between the parties because these disputes, have no relevance to the issues the jury needs to decide and would be prejudicial to the parties."); *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, No. 1:11-CV-430, 2015 WL 13861963, at *3 (S.D. Ind. May 11, 2015) ("Discovery disputes and whether a party behaved improperly during discovery are not proper subjects for a jury to consider; rather, they are addressed through motions for sanctions that are resolved by the Court."). This general proposition is enough to grant Ms. Waldo's request as Ms. Browne has offered no basis for deviating from this general rule. Allowing the parties to argue before the jury questions which are reserved for the Court

4

would be inappropriate and also mislead the jury as to what issues they need to decide. *See* Fed. R. Evid. 403.

The Court would also specifically note that there are independent reasons based in the rules of evidence for excluding several of the topics requested by Ms. Waldo. First, any alleged discovery misconduct by Ms. Hearn (items 1 and 2) are irrelevant to the claims advancing to trial. Fed. R. Evid. 401, 402. Ms. Hearn was a co-defendant, who has been dismissed, in this case and did not represent Ms. Waldo in this matter. Ms. Browne has not provided any argument why Ms. Waldo should be sanctioned for the alleged conduct of a separately represented codefendant.

Second, discovery disputes or alleged violations in the closed 2019 criminal case are irrelevant to the claims advancing to trial (items 3, 9). Fed. R. Evid. 401, 402. Further, allowing the parties to rehash a dispute from another legal proceeding poses considerable risk of confusing the jury which outweighs any potential probative value it may have. Fed. R. Evid. 403.

Third, Ms. Browne's claims that Ms. Waldo discarded or destroyed evidence (items 3, 6, 7, 8) is just another version of her spoliation argument which has been previously addressed and rejected by the Court. At summary judgment the Court found that "Browne has not shown that any relevant evidence was intentionally destroyed, mutilated, altered, or concealed." (DE 346 at 5–6.) Ms. Browne subsequently attempt to relitigate this question and the Court rejected those requests. (DE 402 at 3; DE 250 at 2.) There is no new evidence being offered which justifies revisiting the ruling. The Court will note once more that this should be the *last time* it has to rule on the spoliation or destruction of evidence claims in this case unless there is the discovery of new evidence. It is long past time for Ms. Browne to accept she has lost the issue and focus her attention on the remaining issues in this case.

Fourth, arguments about whether Ms. Waldo refused to "complete her deposition" (item 4) or turn over her phone for forensic analysis (item 5) are at most only minimally probative of the issues going to trial and pose substantial risk of prejudice by misleading the jury on what issues they are to decide. Fed. R. Evid. 403. Whether or not Ms. Waldo cooperated during discovery is not particularly probative of whether Ms. Browne made defamatory statements about Waldo or intentionally inflicted emotional distress or distributed non-consensual pornography. To the extent the underlying evidence in the discovery dispute was probative to this case and not delivered, the method for collecting it from a recalcitrant party opponent would be a motion to compel and not argument to the jury.[2]

Accordingly, the Court will bar the parties from making any arguments or introducing any evidence related to the argument that either party failed to cooperate during discovery.

***(4) Bar any reference to, or evidence of, the argument that Ms. Waldo "committed perjury" in the protective order proceedings***

The Court will also grant Ms. Waldo's request to bar Ms. Browne from arguing Ms. Waldo committed perjury. To clarify, Ms. Waldo only seeks to prevent Ms. Browne from characterizing Ms. Waldo's prior testimony as perjury and is not seeking to prevent Ms. Browne from questioning Ms. Waldo about discrepancies or inconsistencies for purposes of impeachment. (DE 414 at 7.)

---

[2] The Court would note that from records of correspondence and filings by Ms. Waldo's counsel, it appears the parties engaged in reasonable and good faith efforts to exchange the information on their respective electronic devices. (*See e.g.* DE 125-4 at 1–2 (Waldo's counsel agreeing to forensic inspection of Waldo's phone), DE 129 ¶¶ 11–18 (Waldo's counsel summarizing efforts to exchange phone data with Ms. Browne); DE 414-4 (Browne's then counsel discussing production of data from Browne's electronic devices via Dropbox)). The Court is unsure as to the outcome of these efforts. Again, to the extent either party was dissatisfied with their opponent's disclosures, the remedy was a motion to compel and not arguing the deficiency to the jury.

The Court previously ruled that Ms. Browne cannot bring a claim of perjury against Ms. Waldo. (DE 346 at 13.) Perjury is a criminal offense with defined elements, an offense for which Ms. Waldo has never been indicted or convicted. *See Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008) (perjury is defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.") (internal citation omitted). To allow Ms. Browne to argue Ms. Waldo perjured herself before the jury would consequently be to allow her to baselessly accuse Ms. Waldo of having committed a crime. Needless to say this would be highly prejudicial and accusing the opposing party of a crime has no probative value to any issue proceeding before the jury. *See* Fed. R. Evid. 403. To that end, the parties should avoid even using the word perjury before the jury.

That said, Ms. Browne remains free to question Ms. Waldo about her prior testimony for purposes of impeaching Ms. Waldo's testimony at this trial to the extent it is relevant to any issue before the jury. With that limitation in mind, the Court will grant the request.

### *(6) Bar Ms. Browne from calling state prosecutors Gary German or Christopher Hammer to testify*

Ms. Waldo seeks to preclude Ms. Browne from calling Porter County, Indiana, prosecutors Gary German and Christopher Hammer as witnesses. Ms. Waldo indicates they were listed on Ms. Browne's witness list and were the prosecutors in the criminal case against Ms. Browne. Ms. Waldo indicates neither has any personal knowledge of the relationship or interactions between Browne and Waldo which relate to the claims going to trial. Rather, the only personal knowledge they have is of Ms. Browne's criminal prosecution, which was at the heart of her false arrest claim which did not survive summary judgment. As such, Ms. Waldo

argues any testimony these men might offer is irrelevant to the claims advancing to trial and should be excluded.

Because Ms. Browne has offered no contrary argument or even explanation of what she would like the men to testify about, the Court will grant the motion and exclude their testimony as irrelevant to the claims advancing to trial. Fed. R. Evid. 401, 402, 602. The Court would further note that even if the testimony about that prior criminal proceeding were marginally relevant to this case, it would also likely cause substantial prejudice by confusing the jury about what issues are to be decided in this case or causing re-litigation of that prior proceeding. Such prejudice would almost certainly outweigh any probative value and be an independent basis for excluding their testimony. Fed. R. Evid. 403. Consequently, the Court will grant this request.

### *(7) Bar Ms. Browne from calling attorney Eric Wilkens to testify*

In a similar vein, Ms. Waldo seeks to preclude calling attorney Eric Wilkens. Mr. Wilkens was listed on Ms. Browne's witness list, and he previously served as an attorney to Ms. Waldo, defending her against Ms. Browne's claims. Ms. Waldo indicates he has no relevant knowledge to the present claims outside of representing her and she has not waived the attorney client privilege regarding those communications.

Here, the Court applies the privilege laws of the forum state. Fed. R. Evid. 501. Indiana privilege law extends to "confidential communications made to [the attorney] in the course of their professional business, and as to advice given in such cases." *P.T. Buntin, M.D., P.C. v. Becker*, 727 N.E.2d 734, 740 (Ind. Ct. App. 2000) (internal citations omitted). The privilege may only be waived if the client actually, or by conduct attributable to the client, consents to its

8

disclosure. *Id.* at 740. Ms. Waldo indicates she has never waived the privilege covering her communications with Mr. Wilkens and Ms. Browne does not contest that claim.

The Court will grant this request. Ms. Browne has not indicated what personal knowledge Mr. Wilkens might have outside of privileged communications and thus it would be inappropriate to call him to testify. Fed. R. Evid. 602.

***(8) Bar Ms. Browne from calling to testify any witnesses not identified in her Initial Disclosures and not identified in discovery for any purpose other than impeachment***

Ms. Waldo seeks to exclude from testifying, except for purposes of impeachment, several individuals[3] listed on Ms. Browne's witness list who were not previously identified in initial disclosures or during discovery.

The Seventh Circuit has held that when a witness is not properly disclosed, exclusion is "automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). Ms. Browne briefly refers to Bob Kasarda in her response, identifying him as an Indiana Times reporter who allegedly heard "misrepresentations" by Ms. Waldo and her attorney Anna Hearn on January 15, 2020. (DE 428 at 3–4.) Ms. Brown has not responded to the legal argument as to why his testimony should be barred, nor has she explained how his testimony would be relevant to the claims going to trial.

Accordingly, the Court will tentatively grant the request to bar these witnesses from being called. Nonetheless, the Court will afford Ms. Browne until the close of business Friday February 9, 2024, to file notice with the Court why the non-disclosure of these witnesses was

---

[3] Bob Kasarda, Danny Misencalf, Marlene Moore, Ashley Sessions, Danny Peller, and Brian Rossi. (DE 414 at 9.)

harmless or justified. Within any such notice she must also explain the subject and relevance of the witness testimony.

### B. Ms. Browne's arguments in her response to the motion *in limine*

In Ms. Browne's response to Ms. Waldo's motion *in limine* she raises the argument that Ms. Waldo's evidence should be excluded from trial due to alleged failure to comply with the Court ordered deadline. This argument is also reflected in a pending motion to strike by Ms. Browne (DE 404). The Court will accordingly resolve the argument in a separate written order addressing that motion.

### C. Conclusion

Accordingly, the Court GRANTS Ms. Waldo's motion *in limine*. (DE 414.) The Court FURHTER GRANTS Ms. Browne until Friday February 9, 2024, to file notice with the Court regarding why the non-disclosure of the witnesses named in Part A(8) of this order was harmless or justified.

SO ORDERED.

ENTERED: February 6, 2024

                                                 /s/ JON E. DEGUILIO
                                                 Judge
                                                 United States District Court