UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KATHY BROWNE,

    Plaintiff,

    v.

JENNIFER WALDO,

    Defendant.

Case No. 2:20-CV-196 JD

## OPINION AND ORDER

Now before the Court is the Counter Defendant (hereinafter "Defendant"), Kathy Browne's, motion *in limine*. (DE 408, 419.)[1] The Counter-Plaintiff (hereinafter "Plaintiff"), Jennifer Waldo, has responded to the motion and thus it is ripe for adjudication.

In this order, the Court will also address several related ripe motions brought by Ms. Browne, a motion to strike Ms. Waldo's exhibits which is largely restated in the motion *in limine* (DE 404, 406), and a largely duplicative request of the motion to strike filed later (DE 426).[2] Together with the parties' briefing, the Court had the opportunity to discuss some of the issues raised in these motions at the final pretrial conference on January 10, 2024.

    **A. Ms. Browne's Motion *in Limine***

---

[1] Ms. Browne filed her reply to Waldo's response to the motion *in limine* as a separate motion. (DE 419.) This filing is not truly a separate motion, and the Court will address its contents in resolving the motion *in limine*.

[2] The motion at DE 406 is labelled as "a request to attach exhibits." It seeks to include in the record the exhibit attached to the motion to strike (DE 404). Ms. Browne believes it was not included when she filed the motion. This is incorrect and the docket indicates the exhibit was attached (DE 404-1). The motion will accordingly be denied as moot. For the benefit of Ms. Browne, as a pro se litigant, exhibits are generally included in the same docket entry as the motion which they are attached to. For example, DE 404 reads "MOTION to Strike Exhibits and Potential Witnesses by Plaintiff Kathy Browne. (Attachment: # 1 Exhibit). (nhc) (Entered: 12/08/2023)." On the digital docket the "1" in that entry is a hyperlink which directs to the exhibit in question.

The Court will begin by addressing the requests Ms. Browne makes in her motion *in limine*.

***(1) Request to exclude all of Ms. Waldo's exhibits and witnesses for alleged failure to comply with the disclosure deadline***

Ms. Browne first requests that the Court completely exclude Ms. Waldo's proposed trial exhibits and witnesses[3] because Ms. Waldo's counsel did not timely disclose the exhibits to Ms. Browne. This request is also contained in a separate motion to strike (DE 404), which was largely restated in a separate second motion (DE 426).

The scheduling order instructed the parties to furnish their opposing parties with copies of their exhibits at least 42 days prior to the final pretrial conference. (DE 381 at 2.) With the final pretrial conference date of January 10, 2024, that established the deadline to exchange by November 29, 2023. Ms. Waldo's counsel mailed the exhibits on November 29, 2023, but they did not reach Ms. Browne until December 6, 2023. (DE 415-2 at 1 (USPS tracking printout).) Ms. Browne argues this is not timely disclosure and thus the exhibits should be excluded. This argument is without merit.

It is undisputed that Ms. Waldo, through counsel, mailed her exhibits on the deadline of November 29, 2023. Under Federal Rule of Civil Procedure 5(b)(2)(C), "A paper is served under this rule by: … mailing it to the person's last known address–in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Therefore, by Ms. Waldo mailing her exhibits by the deadline they are considered to have been properly served under the applicable Rules. Ms.

---

[3] The motion *in limine* does not expressly mention striking all witnesses, but the motion to strike does. Since the requests are substantively similar and share a common justification, the Court will review them as a single request.

Browne never consented to service by any other means, so it was appropriate for Ms. Waldo to serve her by mail. *See* Fed. R. Civ. P. 5(b)(2)(F).

In the alternative, even if Ms. Waldo was technically untimely in service, striking her exhibits would be a grossly disproportionate sanction as Ms. Browne suffered no prejudice because of any delay and Ms. Waldo's counsel worked diligently and promptly to provide Ms. Browne with the exhibits upon learning they were delayed in the mail. *See Smith v. Nexus RVs, LLC*, 472 F. Supp. 3d 470, 481 (N.D. Ind. 2020) ("sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery" (quoting *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993)). To begin, Ms. Browne has not explained how the delay of seven days caused her such prejudice that the Court should undermine Ms. Waldo's case. Her bare assertion that she was prejudiced will not suffice. (*See* DE 408 at 1.)

Next, Ms. Waldo's counsel responded diligently and promptly once informed of the issue. Some additional facts make that quite clear. On December 1, 2023, Ms. Browne wrote to Ms. Waldo's counsel, Mr. Shupp, notifying him she had not yet received the exhibits. Mr. Shupp replied that the exhibits had been mailed by priority mail and she should receive the exhibits by December 2, 2023. (DE 404-1 at 3–4.) On December 4, 2023, Ms. Browne had still not received the exhibits and once again reached out to Mr. Shupp. He replied indicating that the package appeared to be running late and shared electronic copies of exhibits with her by giving her a Sharepoint link. (DE 415-1.) When Ms. Browne reported, on December 5th, that she was unable to use the Sharepoint link, Mr. Shupp provided her with a Dropbox link to the exhibits and offered to send them via email if attachment size limits permitted. (*Id.*) After receiving another email from Ms. Browne on December 6, Mr. Shupp sent the exhibits he could, given file size limitations, via email. (DE 415-5, 415-6.)

Together this shows that Ms. Waldo's counsel adhered to both the letter and the spirit of the applicable Federal Rules in making his disclosures to Ms. Browne. He adhered to the letter by properly serving their exhibits via mail on the deadline date. He adhered to the spirit by moving promptly and diligently to get electronic copies of the exhibits to Ms. Browne, through three different mechanisms, when the physical copies were delayed in the mail. Thus, there was no violation meriting sanctions and even if there were a violation, the conduct of Ms. Waldo's counsel in ameliorating the problem and the lack of prejudice to Ms. Browne makes Ms. Browne's sanctions request gravely disproportionate to the harm.

Accordingly, Ms. Browne's motion *in limine* and motion to strike seeking to exclude all of Ms. Waldo's exhibits and witnesses based on the timeliness of their disclosure will be denied.[4]

***(2) Arguments related to Ms. Waldo's alleged failure to cooperate in discovery or that she spoliated evidence***

Ms. Browne's motion next requests the Court exclude the testimony and report of Ms. Waldo's forensic expert based on Ms. Waldo's alleged failure to cooperate during the discovery process, destroying evidence, or spoliating evidence.[5] This line of argument is not new to the Court and the Court has repeatedly rejected it, holding that there is no basis to conclude Ms. Waldo spoliated evidence or failed to cooperate in discovery. (DE 402 at 3; DE 250 at 2; DE 346 at 6.). The Court most recently addressed this issue in deciding Ms. Waldo's motion *in limine*

---

[4] This holding should be interpreted to apply this argument generally, in every filing where Ms. Browne raised it, and not only these specific motions.

[5] The Court will not rehash the specific allegations here as it has already addressed them several times. It would simply note these include allegations Ms. Waldo "did not produce" her cell phone for forensic examination and "did not complete" her deposition.

where it noted much of the alleged non-cooperation, particularly related to the exchange of digital device information, appears to actually be good faith efforts by the respective parties to complete discovery. (DE 435 at 6 n.2.) Ms. Browne offers no new facts which would compel the Court to reconsider its prior decisions. As a result, Ms. Browne's requests predicated on this reasoning will be denied.

### *(3) Exclusion of witness Beata Garnonpolsky for failure to tender contact information*

Ms. Browne next requests the exclusion of Ms. Beata Garnonpolsky from being called as a witness, due to the alleged failure of Ms. Waldo's counsel to tender Ms. Garnonpolsky's contact information in violation of Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 26(a)(1)(A)(i). Ms. Waldo's reply to the motion brings two arguments. First, that she only potentially intends to call Ms. Garnonpolsky as an impeachment witness, thereby exempting her from disclosure under Rule 26. Second, that she is unaware of Ms. Garnonpolsky's current contact information, and is therefore unable to share it with Ms. Browne.

Ms. Waldo is correct, and the motion will be denied. Ms. Waldo was not required to make a Rule 26 disclosure for Ms. Garnonpolsky if she is solely an impeachment witness. Fed. R. Civ. P. 26(a)(1)(A)(i) ("unless the use would be solely for impeachment"). The issue is also mooted by the fact Ms. Waldo does not know Ms. Garnonpolsky's whereabouts or contact information and is thus unable to call her. There was no fault by Ms. Waldo's counsel for listing an impeachment witness they might call, if they are able to locate her, but then not providing information they did not have to Ms. Browne. Lastly, in their response, and at the final pretrial conference, Ms. Waldo's counsel stated that if they learn of Ms. Garnonpolsky's whereabouts they will promptly share that information with Ms. Browne.

5

Consequently, the Court will deny this request to exclude the testimony of Beata Garnonpolsky on the basis of mootness and on the alternative basis of there being no Rule 26 violation.

### (4) Exclusion of emails received by Mr. Jerry Davich

Ms. Browne's fourth request in her motion *in limine* is for the exclusion of any emails received by Chicago Tribune reporter Jerry Davich. The parties helpfully clarified the nature of this request at the final pretrial conference. Ms. Waldo conveyed she intends to argue that Ms. Browne, acting through proxy Mr. Brian Oller, sent defamatory statements via email to Chicago Tribune reporter Jerry Davich. Ms. Browne explained that her motion seeks to preclude the introduction of such emails. She argues that exclusion is proper as the emails have not been authenticated and that she is not responsible for any such communications if they did occur.

The Court will deny the request as these are squarely evidentiary issues to be resolved at trial. Of course, Ms. Waldo, as the proponent of these emails, retains the burden to authenticate them and show the relevance of the emails; to demonstrate Ms. Browne's connection to those emails. Ms. Browne in turn remains free to challenge the authenticity of the emails and/or the relevance of such documents. At trial the Court will determine whether there has been sufficient authentication of the emails and foundation laid for their admission into evidence, consistent with the applicable Rules. Should the emails be entered into evidence, the jury will be left to decide what conclusions they support.

Thus, Ms. Browne's request to bar the introduction of emails received, or sent, by Jerry Davich is denied.[6]

### (5) Conclusion

For the previously stated reasons, Ms. Browne's motion *in limine* will be denied consistent with the limitations noted in this order.

### B. Remaining issues in Ms. Browne's motion to strike

The Court will next address the remaining issues Ms. Browne raised in her motion to strike, but not in her motion *in limine*.

### (1) Barring the testimony of Ms. Waldo's children

The first issue is Ms. Browne's request to preclude the testimony of Ms. Waldo's children at trial. At the final pretrial conference Ms. Waldo indicated her children would testify about how Ms. Browne's alleged actions impacted their mother. Ms. Browne seems to offer two rationales for their exclusion. The first is that Ms. Waldo was allegedly charged with felony battery in front of her children in October 2022.[7] The second is that Ms. Waldo allegedly committed perjury in October 2019. Neither argument has merit.

---

[6] Out of an abundance of caution the Court extends its ruling to emails potentially sent by Mr. Davich because it is unclear if the parties are exclusively focused on emails he received or want to discuss any exchanges between Mr. Davich and Mr. Oller. Again, the Court takes no position on the admissibility of these emails but merely holds it will not exclude them at this phase of the proceedings.

[7] In Indiana state criminal court case number 64D03-2210-F6-008446. The Court has already touched on this case in addressing Ms. Waldo's motion *in limine*. The Court granted Ms. Waldo's request to exclude any reference to, or evidence of, this unrelated criminal case.

As to the first argument, Ms. Browne has not articulated a coherent theory as to why this alleged criminal act by Ms. Waldo should result in a sanction in this unrelated civil case. Nor why the sanction she is requesting is proportionate or even related to the underlying alleged harm. Ms. Waldo has specified her children have personal knowledge of her condition as a result of Ms. Browne's alleged acts which is relevant and useful information to the jury in assessing potential damages. Thus, their proposed testimony is admissible here. *See* Fed. R. Evid. 401, 402, 602.

Turning to the second argument, it fails for similar reasons. Ms. Browne has not articulated any connection between the alleged perjury violation in 2019 and the proposed sanction which would make the sanction proportionate.[8] Moreover, the Court previously denied Ms. Browne leave to bring a claim of perjury in this action and Ms. Browne has not shown Ms. Waldo has ever been convicted of perjury.[9] Accordingly, the request to exclude the testimony of Ms. Waldo's children will be denied.

### *(2) Request for leave to amend Ms. Browne's complaint*

The other request contained in Ms. Browne's motion to strike is a request for leave to amend her complaint to resuscitate her claims for fraud and malicious prosecution against Ms. Waldo at trial. This request is unequivocally denied. These claims were dismissed at the summary judgment stage of proceedings. (DE 76 at 15.) The Court has subsequently denied Ms. Browne's request for leave to amend her complaint. (DE 421 at 9–11.) Ms. Browne has provided

---

[8] The Court would also note it previously denied Ms. Browne leave to pursue a claim of perjury against Ms. Waldo (DE 346 at 13) and granted Ms. Waldo's motion *in limine* barring any argument or evidence that Ms. Waldo committed perjury (DE 435 at 6–7).

[9] As noted in the Court's order addressing Ms. Waldo's motion *in limine*, perjury is a criminal offense with distinct elements and not merely inconsistent testimony. (DE 435.)

no new facts or law which would merit the Court reconsidering its prior decisions. Thus, the Court will rest on that prior reasoning and incorporate those prior orders by reference.

### C. Remaining issues in Ms. Browne's second motion to strike

Ms. Browne refiled the request contained in her motion to strike (DE 404) in a second motion (DE 426). This second motion also requested that the Court place under seal the intimate photos of Ms. Waldo contained in Exhibit 8. Having already addressed the motion to strike, the Court will address the motion to seal. The Court agrees with Ms. Browne that the intimate photos should be placed under seal but addressed the mater in a prior order. (DE 416.) Accordingly, the Court denies the motion to seal as moot.

### D. Conclusion

Accordingly, Ms. Browne's motion *in limine* (DE 408, 419) and motions to strike (DE 404, 406, 426) are DENIED consistent with the terms of this order.

SO ORDERED.

ENTERED: February 7, 2024

          /s/ JON E. DEGUILIO
Judge
United States District Court