UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KATHY BROWNE,

    Plaintiff,

    v.                                                        Case No. 2:20-CV-196 JD

JENNIFER WALDO,

    Defendant.

## OPINION AND ORDER

Now before the Court is the objection by Counter-Plaintiff (hereinafter "Plaintiff"),

Jennifer Waldo, to some of the proposed trial exhibits offered by Counter Defendant (hereinafter

"Defendant"), Kathy Browne. (DE 409.) Ms. Waldo has also objected to some of the deposition

designations provided by Ms. Browne. (DE 413.) Ms. Browne has filed a consolidated response

to these objections (DE 424) and thus they are ripe for adjudication.

The Court will also use this order to address Ms. Browne's "Supplementary Trial Brief

and Motion under Fed Rule 405(a)(b)" (DE 423) which in substances is only additional

responses to the objections. The Court will also address the content of Ms. Browne's filings at

DE 433, 434, and 438 which in part object to Ms. Waldo's exhibits and/or request to supplement

Ms. Browne's previously filed exhibits.

### A. Ms. Waldo's objection to exhibits and deposition designations

The Court will address the objections Ms. Waldo raised regarding Ms. Browne's

proposed exhibits and deposition designations. Given Ms. Waldo repeatedly objects to the

relevance of Ms. Browne's exhibits, a brief recollection the facts will help with this order by

illustrating what issues need to be decided. There are three claims advancing to trial before the jury: (1) defamation, (2) intentional infliction of emotional distress, and (3) disclosure of non-consensual pornography.[1] All three claims are being brought by Ms. Waldo, and all are claims under Indiana law.

The principal questions to be decided by the jury to resolve these claims are summarized as follows. Did Ms. Browne make the defamatory statements about Waldo being "a tramp with herpes, a fugitive from justice, and a wanted fugitive out of the state of Virginia[?]" Did Ms. Browne threaten Ms. Waldo with the potential distribution of her intimate images to the school Waldo's children's attend and thereby cause Waldo emotional distress? Lastly, did Browne distribute Waldo's intimate images, without Waldo's consent, via a Bumble dating app profile? In deciding the relevance of proposed exhibits or testimony the Court is going to first consider whether the proposed evidence is probative[2] of any of these questions or related questions, such as motive to perform these alleged acts.

In assessing these questions the Court is guided by the Federal Rules of Evidence. Notably Rule 401 which sets out the test for relevant evidence. Under this rule, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) *the fact is of consequence in determining the action*." Fed. R. Evid. 401 (emphasis added). In general, relevant evidence is admissible, unless barred by another Rule or governing law, and irrelevant evidence is inadmissible. Fed. R. Evid 402. Rule 403 is one of the rules which bars otherwise relevant evidence and states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

---

[1] A fourth, equitable, claim will be decided by the Court at some point after the jury trial.

[2] Probative being the tendency to make a fact more or less probable.

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

A few additional rules merit discussion as Ms. Browne has made it clear she intends to argue Ms. Waldo is not being truthful about her claims and that the jury should not view Ms. Waldo's testimony as credible. These are permissible arguments, but they must be presented through the process established by the governing Rules. In general, a witness' character to truthfulness or untruthfulness can only be established through another witness' *testimony* about their reputation or an opinion about their character. Fed. R. Evid. 608(a) (emphasis added). Extrinsic evidence, such as documents, is generally not admissible to prove specific instances of a witness' conduct in order to attack or support the witness' character for truthfulness. Fed. R. Evid. 608(b). Further, even referring to specific instances of a witness' conduct in order to attack or support their character for truthfulness is only permissible on cross examination. *Id.* The Court would also note that a witness may be cross examined about a prior statement they made which is inconsistent with their testimony in court. Fed. R. Evid. 613. However, extrinsic evidence of that prior inconsistent statement is only admissible if proffered through the process outlined in Federal Rule of Evidence 613(b).

Similarly, Rule 405 governs the process by which any character or trait of a person, as opposed to a witness' character for truthfulness, may be introduced. Fed. R. Evid. 405. Again, the general rule is that when evidence of a character trait is admissible, i.e. relevant and not otherwise barred, a person's character may only be proved by "*testimony* about the person's reputation or testimony in the form of an opinion." Fed. R. Evid. 405(a) (emphasis added). There is likewise a caveat allowing for discussion of specific instances of the person's conduct on cross-examination of a character witness. *Id.* Rule 405(b) also allows for proving the character or

trait of a person by relevant specific instances of that person's conduct when the character or trait is "*an essential element of a charge, claim, or defense.*" Fed. R. Evid. 405(b) (emphasis added).

The Court mentions Rule 405(b) because in one of her filings Ms. Browne asserts it is applicable as "Plaintiff has put her Reputation into question" by filing a defamation case "where plaintiff has admitted to posting nude photo's of herself to the internet… [*sic*]." (DE 423 at 2.) However, Ms. Browne has not offered any legal authority that Ms. Waldo's character or a trait of hers are *essential elements* of her claims. Therefore, the Court does not find 405(b) applicable and will set aside any arguments about admissibility grounded in Rule 405(b).

The Court draws attention to these rules because the set of issues proceeding to the jury is fairly narrow and much of Ms. Browne's proposed evidence only relates to her now dismissed claims in this action or historical incidents in the long and combative relationship with Ms. Waldo. This trial is not about litigating those dismissed claims, nor allowing either party to generally air grievances from the course of their relationship to try and persuade the jury their opponent is generally a bad person. It is about deciding if Ms. Browne performed any of the specifically alleged acts.

### (1) The objection to Exhibit A is sustained

Ms. Waldo's first objection is to Ms. Browne's proposed Exhibit A. Exhibit A is a collection of various documents regarding the state court protective order proceedings brought by Ms. Waldo against Ms. Browne in Case No. 64D05-1909-PO-8994. This prior litigation was allegedly resolved by an agreement between the parties which underlies the breach of contract counterclaim which, as an equitable claim, will be resolved by the Court. Ms. Waldo argues this exhibit is not relevant to the issues advancing to trial before the jury. Fed. R. Evid. 401, 402.

Further, to the extent it has any probative value regarding a relevant fact, that value is outweighed by the substantial prejudice of confusing the issues and misleading the jury on what questions they are expected to decide. Fed. R. Evid. 403.

Ms. Browne's response is that this exhibit "gives legal relevancy and details this case from the beginning." (DE 424 at 1.) She further argues that Ms. Waldo made false statements to authorities to obtain the protective order in these prior proceedings.

The Court will sustain the objection.[3] First, the Court agrees that these documents are not relevant to any claims proceeding to trial before the jury.[4] Fed. R. Evid. 401, 402. Nothing in Ms. Waldo's claims against Ms. Browne involve documents from this prior proceeding. Ms. Browne's claim that Ms. Waldo committed perjury to obtain the protective order is not advancing to trial and thus documents allegedly showing such perjury are not relevant. Second, the introduction of a large volume of documents regarding an unrelated court proceeding between these parties poses a high risk of confusing the issues and misleading the jury on what the actual disputes in this case are. Specifically, the prejudicial effect of submitting an equitable claim to the jury or creating a trial within a trial as the parties relitigate a prior case substantially outweighs any probative value these documents might have. Fed. R. Evid. 403.

### (2) The objection to Exhibit B is sustained

---

[3] The Court will note for the benefit of Ms. Browne, as a pro se litigant, that an order sustaining an objection to an exhibit does not necessarily preclude any discussion of the facts or events which that item supports. For example, as it relates to Exhibit A, the prior legal disputes between Browne and Waldo may be relevant to the jury assessing motive for the alleged acts and the parties can solicit testimony from witnesses noting the existence of those events.

[4] The Court's rulings in this order only consider whether the evidence is appropriate to be submitted to the jury. The Court reserves judgment on whether any proposed evidence might be admissible before the Court in resolving the equitable claim at a later date.

Ms. Waldo's next objection is to Exhibit B, which is another collection of documents relating to protective order proceedings in Chicago, Illinois, Valparaiso, Indiana, and Virginia. Ms. Waldo argues these documents should be barred for the same reasons as Exhibit A. Fed. R. Evid. 401, 402, 403. Additionally, some of the documents appear to be internal Chicago police or Valparaiso police documents and Ms. Browne lacks personal knowledge regarding their preparation, so she cannot lay the foundation for admission through her testimony. Fed. R. Evid. 602.

Ms. Browne's response is that the Valparaiso police reports can have their foundation laid through Ken Elwood, Ms. Browne's former attorney who will testify at trial and subpoenaed the documents. She also argues the foundation can be laid through the deposition of Steve Kobitz, a now deceased Valparaiso police officer.

The Court will sustain the objection. These miscellaneous court and law enforcement documents are not relevant to any questions going to the jury. These documents recounting the course of prior litigation or police investigations are not probative of whether Ms. Browne committed the acts alleged by Ms. Waldo. Fed. R. Evid. 401, 402. Moreover, to the limited extent they might have probative value, it would be substantially outweighed by the risk of confusing the issues or misleading the jury. Fed. R. Evid. 403. Given that, the Court need not advance to the issue of personal knowledge, foundation, or authentication to resolve the objection.

### (3) The objection to Exhibit C is sustained

The next objection is to Exhibit C, which is a collection of communications between Ms. Waldo's former attorney Anna Hearn and Ms. Browne's former attorney Ken Elwood. These

counselors represented the women during the protective order proceedings. It also includes excerpts of Anna Hearn's deposition and a copy of the entire deposition, some of Kathy Browne's Facebook posts, and various text messages between unidentified parties.

Ms. Waldo objects to this exhibit for the same reasons as for Exhibit A, namely that it is not relevant to the claims going forward and any probative value is substantially outweighed by undue prejudice. Fed. R. Evid. 402, 402, 403. She also argues that the correspondence between Hearn and Elwood is part of settlement correspondence and thus barred by Federal Rule of Evidence 408. Ms. Waldo objects to the deposition excerpts as they were not disclosed per the Court's scheduling order, which requires Ms. Browne to designate the specific portions she intends to use. Ms. Waldo also notes large segments of the deposition relate to dismissed claims and are thus irrelevant to the issues going to trial. Fed. R. Evid. 401, 402. Lastly Ms. Waldo argues the depositions are inadmissible hearsay as Browne has not shown Hearn is an unavailable witness and that any probative value of the depositions as presented is substantially outweighed by the prejudicial effect. *See* Fed. R. Evid. 403.

Ms. Browne argues this evidence is not barred by Rule 408 because "Anna Hearn played prosecutor and press secretary, before and after the case was dismissed in Valparaiso." (DE 424 at 5.) Ms. Browne also argues that Ms. Hearn's depositions are admissible because they were made in a prior proceeding.[5]

---

[5] Ms. Browne also seems to argue that the deposition is admissible against Ms. Waldo because Ms. Hearn was Waldo's "officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)." (DE 424 at 7.) However, this argument is misplaced as that provision refers to the deposition of defendants who are corporations or other legal persons, which can only be practically accomplished by deposing officers or agents of the entity. Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, …. [t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."). Ms. Waldo is not a corporation or other entity described in Rule 30(b)(6) and therefore the provision does not apply to her, regardless of her relationship with Ms. Hearn.

The Court agrees with Ms. Waldo. The communications between Hearn and Elwood, like the documents in Exhibit A, are irrelevant to the claims going to trial in this case. Fed. R. Evid. 401, 402. Introducing documents related to this earlier litigation between the two women is likely to mislead the jury as to what questions they need to decide in this case, and risks creating a trial within a trial as the parties rehash the prior litigation. Cumulatively, these risks substantially outweigh any probative value of the correspondence. Fed. R. Evid. 403.

Second, these appear to be conduct or a statement made during compromise negotiations about the claim which is barred by Rule 408. The relevant portion of Rule 408 states:

> "(a) Prohibited Uses: Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: …
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority."

Fed. R. Evid. 408.

For context, Ms. Hearn and Mr. Elwood represented these same parties in a state court case in Porter County, Indiana case brought by Ms. Waldo against Ms. Browne. Ms. Waldo was seeking a protective order in response to Ms. Browne allegedly threatening to distribute intimate photos of Ms. Waldo. Ms. Waldo ultimately dismissed the suit after the parties entered an oral agreement. Ms. Hearn's message to Mr. Elwood appears to be her marshalling the facts in support of her position and noting the strength of evidence supporting her client's claim against Ms. Browne. Ms. Hearn's email also acknowledges that Ms. Browne might herself be the victim of a third party, Rafer Weigel. In particular, the Court would note Ms. Hearn's claim that "at the hearings Rafer has thrown Kathy under the bus." (DE 409-3 at 2) and "At the hearing Rafer introduced Kathy's phone record of that night. It contradicted the stance that Jen [Waldo] asked for the pictures from Kathy …." (*Id.*)

A statement made about the perceived strength of one's case to the opposing party is an integral part of settlement negotiations. Thus, this correspondence is inadmissible under Rule 408(a)(2). The Court would note Ms. Browne does not directly challenge this conclusion, but generally asserts that Ms. Hearn was acting as "prosecutor and press secretary" which in her eyes seems to be inappropriate and at odds with engaging in settlement. The Court also assumes this is a reference to Ms. Hearn's alleged comments to a reporter in the courthouse following the proceedings. Even if the Court assumes all of Ms. Browne's characterizations are accurate and in fact inappropriate for an attorney,[6] it does not address the admissibility of this specific communication. For the previously stated reasons, the Court finds this proffered communication was made in the course of settlement discussions and therefore inadmissible under Rule 408.

Turning to the depositions of Ms. Hearn, Ms. Browne is correct on the general point that depositions from a prior action can be admissible as evidence in a subsequent action. *See* Fed. R. Civ. P. 27(4), Fed. R. Civ. P. 32(a), Fed. R. Evid. 804. However, she is incorrect as to how this proposition applies to this case. In order to use a non-party's prior deposition in lieu of their actual testimony at trial, among other things, the proponent of using the deposition must show that the witness is unavailable. Fed. R. Civ. P. 32(a)(4), Fed. R. Evid. 804. Ms. Browne has not made such a showing and has in fact attempted to subpoena Ms. Hearn to testify. Therefore, Ms. Hearn is seemingly available to testify, and her prior deposition is hearsay which is inadmissible

---

[6] The Court would note it is a considerable "if." Ms. Hearn was representing the plaintiff in a civil action and thus acting as "prosecutor" is exactly what she was supposed to be doing. Namely advancing her clients' case before the Court. Likewise, an attorney representing a client in communications to the public, including the media, is not unusual. Moreover, doing either, or both, of these things while also pursuing a settlement discussion with opposing counsel is commonplace. In short, attorneys often wear many hats in the course of representing their clients; prosecutor or defense attorney in the courtroom, settlement negotiator with opposing counsel, or spokesperson for their client. Ms. Browne has not described any conduct by Anna Hearn which falls outside these parameters or offered any concrete argument how Ms. Hearn was not acting in her role as a negotiator when communicating with Mr. Elwood.

as substantive evidence.[7] Fed. R. Evid. 804(b)(1) ("The following are not excluded by the rule against hearsay if the declarant is *unavailable as a witness*: (1) Former Testimony…") (emphasis added).

Consequently, the Court will sustain the objection to Exhibit C.


### *(4) The objection to Exhibit D is sustained*

Ms. Waldo's next objection is to Exhibit D, which is correspondence between Ms. Browne's former attorney, Andrea Ciobanu, and Karen Flax, an attorney for the Chicago Tribune newspaper. Ms. Browne indicates she wants to use these communications to show that she had no correspondence with Chicago Tribune reporter Jerry Davich, and also potentially impeach Mr. Davich.

The objection is sustained. First these communications are inadmissible hearsay if offered for the truth of the matters asserted, namely that Ms. Browne did not have any communications with Mr. Davich. Fed. R. Evid. 801, 802. Second, these correspondences are generally irrelevant to the matter proceeding to trial as they primarily consist of Ms. Flax objecting to Ms. Ciobanu's subpoena. Fed. R. Evid. 401, 402. In addition to lacking probative value, this correspondence between attorneys debating a legal issue would undoubtedly confuse the jury and mislead them as to what issues they are meant to decide. Fed. R. Evid. 403. The only fragment of the emails which are relevant are Ms. Flax' representation that Mr. Davich never communicated with Ms. Browne.

---

[7] The Court would note that the deposition would still be usable for the purpose of impeaching Ms. Hearn's testimony at trial. Fed. R. Civ. P. 32(a)(2).

However, Mr. Davich has been subpoenaed and will presumably testify to that fact. Therefore, this email correspondence, even if it wasn't hearsay, would only have minimal probative value relative to Mr. Davich's live testimony. And, as previously noted, the emails would have prejudicial effect substantially outweighing their probative value. This would merit excluding the emails. Fed. R. Evid. 403. Lastly, while sustaining this objection does not bar the exhibit's use for purpose of impeachment, the correspondence has no impeachment value against Mr. Davich as he was not a party to these communications. If Mr. Davich had corresponded with Ms. Ciobanu about the relevant issues and later testified inconsistently at trial, that might be a basis for using his earlier statements to impeach. But that is not the case here.

Consequently, the objection to Exhibit D is sustained.

### (5) The objection to Exhibit E is sustained

Exhibit E is Waldo's response to Browne's request for admissions. Ms. Waldo argues this exhibit should be excluded because the majority of admissions relate to Ms. Browne's dismissed claims against Ms. Waldo and are thus irrelevant to the claims going to trial. Ms. Waldo argues that any remaining, relevant, admissions should also be struck as introducing them would cause a substantial risk of causing undue delay, wasting time, or needlessly presenting cumulative evidence. Ms. Waldo notes that to the extent any of the admissions is relevant, the jury can be instructed as to the particular fact admitted which bypasses the need to redact the exhibit and spend time at trial explaining the relevance of each portion of the exhibit to the jury.

Ms. Browne does not address any of these issues in her response. Rather she proffers a list of citations to various Federal Rules of Evidence including self-authenticating exhibits (Rule 902), and impeachment of witnesses by prior inconsistent statements (Rule 613).[8]

The Court agrees with Ms. Waldo and will sustain the objection. In light of the dismissal of Ms. Browne's claims, the exhibit is rife with irrelevant inquiries and responses which would be inappropriate to submit to the jury. Fed. R. Evid. 401, 402. Further, the composition of the exhibit, even if redacted, is such that it would likely cause considerable delay in explaining this document to the jury and laying the requisite foundation for each individual statement to the jury to admit a redacted version of the exhibit which exclusively contains relevant portions.[9] Such a risk substantially outweighs the probative value of the exhibit as it is constituted. Fed. R. Evid. 403.

The Court will therefore sustain the objection to Exhibit E as it is currently constituted. However, the Court would note Ms. Waldo's willingness to have the jury instructed on any admissions which are relevant. As Ms. Waldo only makes four admissions in the document (DE 409-5 ¶¶ 12, 23–25) it should be relatively straightforward for the parties to reach a stipulation admitting the relevant facts.

### *(6) The objections to Exhibits F, G, H, S and Z are sustained*

---

[8] Later in her response Ms. Browne also refers to Exhibit E (DE 424 at 9–10) but appears to be referring to a different document or set of documents as she extensively discusses the prior Virginia criminal case and alleged false police reports by Ms. Waldo. She also makes references to depositions and testimony from prior proceedings being admissible which, again, is not the substance of Exhibit E. (*Id.* at 10.)

[9] The Court notes it is unclear at this time which portions might be relevant as Ms. Browne has not explained the relevance of any portion of this document.

Exhibits F, G, H, and S are affidavits prepared by Darlene Moehling, Kenneth Elwood, David Mueller, and Roger Getz, respectively. Ms. Waldo objects to these documents as inadmissible hearsay. Ms. Browne only responds regarding Exhibits F and G, conceding they are hearsay and noting the individuals in question will testify at trial. The Court finds these four affidavits to be inadmissible hearsay and will sustain the objection. Fed. R. Evid. 801, 802.

Exhibit Z is the affidavit of Patrick Siewert and his forensic report with exhibits. Ms. Waldo objects to this report as hearsay. Ms. Browne does not meaningfully respond to this argument, and merely identifies Mr. Siewert as her expert witness admissible under Rule 702. (DE 424 at 20.) Rule 702 allows *testimony* by appropriately qualified expert witnesses but does not create an exception from the rule against hearsay for expert reports. Fed. R. Evid. 702 ("A witness who is qualified as an expert … may *testify* …") (emphasis added). The Court consequently finds Mr. Siewert's affidavit and report are inadmissible hearsay.[10]

Consequently, the Court finds Exhibits F, G, H, S, and Z to be inadmissible hearsay and will sustain the objections.

### *(7) The objections to Exhibits I, L, and N are sustained, and the motion to add alternate Exhibit N is denied*

Exhibits I, L, and N are largely identical copies of transcripts from Porter County Superior Court on October 17, 2019, relating to the alleged oral contract and settlement between Ms. Waldo and Ms. Browne. Ms. Waldo objects noting these exhibits are duplicative and as irrelevant to the claims going to trial before the jury.

---

[10] The Court notes this does not preclude Mr. Siewert from testifying as to his conclusions if Ms. Browne properly qualifies him as an expert during direct examination. Nor does it preclude her from utilizing his report to refresh his recollection.

Exhibit I seems to be partially redacted and is five pages shorter than L and N, while L and N are both identical. The Court will sustain the objection to Exhibit I and N as duplicative of Exhibit L. The Court will sustain the objection to Exhibit L as irrelevant to the claims going before the jury. These prior proceedings terminated with the alleged contract between Ms. Waldo and Ms. Browne to not contact or publicly disparage one another. The breach of that contract underlies Ms. Waldo's breach of contract claim in this case which will be adjudicated by the Court and not a jury. The transcripts of this hearing are otherwise not relevant to the questions of whether Browne caused the harms alleged by Waldo. Fed. R. Evid. 401, 402. There is also a substantial risk of prejudice from allowing Exhibit L into evidence because it would mislead the jury as to the issues they are to decide, and risk creating a trial within a trial as the parties rehash this prior proceeding. This substantial risk of prejudice outweighs any potential probative value of the transcript. Fed. R. Evid. 403.

Ms. Browne argues that Ms. Waldo makes a misrepresentation in this prior proceeding about whether she communicated with Ms. Browne on August 24, 2019. (DE 424 at 8.) To the extent this prior testimony is inconsistent with Ms. Waldo's testimony at trial, the limited portion of the transcript dealing with the issue might be used to impeach Ms. Waldo in accordance with the Federal Rules of Evidence.

Consequently, the objections to Exhibits I and N are sustained because the Exhibits are duplicative of Exhibit L and thus cumulative evidence. Fed. R. Evid. 403. The objection to Exhibit L is sustained because it is irrelevant to the claims going to trial and its prejudicial effect substantially outweighs any probative value.

The Court will also take note of "Alternate Exhibit N." In Ms. Browne's filing at DE 434, she requests the addition of another exhibit she also labels as Exhibit N. This exhibit is a

September 20, 2020, press release from Apple regarding their iPhone 11 Pro cell phone. This request will be denied. The Court's scheduling order explicitly instructed both parties to disclose, at least 42 days prior to the final pretrial conference, all exhibits that may be introduced as evidence at trial. (DE 381 § G(1).) The final pretrial conference in this case was held January 10, 2024. (DE 432.) Ms. Browne did not propose this exhibit until over two weeks after that date, so 58 days after the disclosure deadline. (DE 434, filed January 26, 2024.) The scheduling order likewise provides that any exhibit which is not timely disclosed cannot be used at trial for any purpose other than impeachment or refreshing recollection. (DE 381 § G(1).) The only exception to this rule is when a party shows that there is a need for the exhibit which could not reasonably have been foreseen by the deadline. (*Id.*)

Ms. Browne has not explained the relevance of this document to the case or how she intends to use it, nor why the need for this document could not have been foreseen by the deadline. Therefore, to the extent she seeks its use as substantive evidence, the request is denied, and the exhibit is barred. However, to the extent she intends to only use it for impeachment or refreshing recollection purposes that may still be permissible.

Therefore, Ms. Browne's motion to supplement Exhibit N with the Apple document (DE 434) will be denied.


### (8) The objection to Exhibit J is overruled

Exhibit J is the deposition, with exhibits, of Jennifer Waldo. Ms. Waldo objects to the admission of the deposition as tendered because Ms. Browne did not identify the specific portions she intends to use, and introducing the entire deposition would exceed the 60-minute time limit imposed by the Court in its scheduling order.

In her response Ms. Browne seemingly indicates that she only intends to use pages 8–12, 16, 20, 79, and 113 of Ms. Waldo's deposition.[11] (DE 424 at 12.) In light of this clarification, the Court will overrule the objection to the extent Ms. Browne only intends to use the pages specified in her response.

### (9) The objection to Exhibit K is taken under advisement

Exhibit K is identified by the parties as the deposition of Sergeant Stephen Kobitz, a now deceased officer of the Valparaiso Police Department. However, there is no such exhibit uploaded to the docket. The document uploaded to the docket as Exhibit K (DE 409-11) is not a deposition. Rather it is a series of documents related to the Indiana protective order proceeding against Ms. Browne including court orders, emails, and an affidavit of Sgt. Kobitz. The Court assumes this was an error in docketing by counsel. Nonetheless, without the actual exhibit to consider the Court will take the objection under advisement and rule on the issue at trial if necessary.

### (10) The objection to Exhibit M is sustained

Exhibit M contains transcripts of the October 30, 2019, and November 5, 2019, hearings in Porter County Indiana Superior Court Case No. 64D05-1909-PO-8995 which was the protective order proceeding by Ms. Waldo against Rafer Weigel.

---

[11] Ms. Browne also files a supplemental reply arguing that the 117-page deposition will not take more than an hour to question Ms. Waldo about. (DE 423 at 4.) To the extent Ms. Browne might be suggesting she thinks she can enter the entire 117-page document into evidence within an hour, the Court will dismiss that notion out of hand. It is not possible to read the entire 117 pages to the jury or for the jury to read the entire deposition in such a limited timeframe. On the other hand, if Ms. Browne is merely building off her other point in response that she only intends to use the select number of pages and discussion of those pages will take less than an hour, the Court finds that proposition quite plausible.

Ms. Waldo argues this transcript is irrelevant to the issues set for trial. Ms. Browne offers the curt response that this exhibit is "Relevant under Fed. Rule 402. Fed. Rule 405(a)(b) Fed. Rule 613. Fed. Rule 607." (DE 423at 4.) This conclusory statement is not sufficient analysis to create a proper argument. *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020) (Arguments that are underdeveloped, cursory, and lack supporting authority are waived.) As Ms. Browne has not articulated her reasoning as to why this former case is relevant, the Court will not draft one for her. This is a transcript from an unrelated prior, criminal, case involving different parties than those engaged in litigation here. This is not relevant to the issues to be decided in the current proceedings. Fed. R. Evid. 401, 402. Furthermore, injecting transcripts and other evidence of different litigation into this case risks misleading the jury as to the issues they are supposed to decide in this case. This risks substantial prejudice which outweighs any marginal probative value of this evidence and merits exclusion. Fed. R. Evid. 403.

The objection to Exhibit M will therefore be sustained.

### (11) The objection to Exhibit O is sustained

Exhibit O is a transcript of the October 5, 2020, hearing in Richmond, Virginia, General Court Case No. GC20014090-00 and GC20014091-00. The transcript was part of the criminal charges filed against Ms. Waldo in Virginia. Ms. Waldo argues this transcript is irrelevant because none of her claims against Ms. Browne relate to this case. Further, the testimony of Ms. Browne and David Mueller contained in this transcript is inadmissible hearsay if offered for their truth and irrelevant if not offered for their truth. Ms. Browne does not respond to this argument, rather she argues generally that transcripts can be admissible. She also suggests that she seeks to

question Ms. Waldo about prior statements she made that might be inconsistent with her testimony at trial. (DE 424 at 14.)

The Court will sustain the objection. This prior criminal litigation between Ms. Browne and Ms. Waldo is irrelevant to Waldo's claims which will be presented to the jury. Fed. R. Evid. 401, 402. Further, while Browne obtained a protective order from the General Court, the decision was vacated on appeal to the Virginia Circuit Court. Therefore, allowing evidence of the initial decision would invite Ms. Waldo to offer evidence of the appellate decision, and invite the parties to rehash this prior litigation. This would create a trial within a trial which would mislead the jury as to what questions they are to decide and generally waste time. Fed. R. Evid. 403. This prejudicial effect would substantially outweigh any probative value discussion of the prior proceedings might have. *Id.* This ruling does not impair Ms. Browne's ability to use the transcript for impeachment purposes if Ms. Waldo testifies at trial inconsistently with her prior sworn testimony.

The objection to Exhibit O is therefore sustained.

### (12) The objection to Exhibit P is sustained, and motion to supplement Exhibit P is denied

Exhibit P consists of a text message between unidentified individuals, a protective order from the disciplinary proceedings against Andrew Kyres, and text messages between Sgt. Kobitz and Anna Hearn. Ms. Waldo argues that the text messages are inadmissible hearsay, and are irrelevant as they relate to Ms. Browne's long dismissed arguments regarding withholding of evidence and spoliation of evidence. Fed. R. Evid. 401, 402, 801, 802. Further, Ms. Waldo argues that the disciplinary proceedings involving Mr. Kyres, and any evidence thereof, are

irrelevant to the claims proceeding to trial and would result in a trial within a trial if admitted in this case. Fed. R. Evid. 403.

Ms. Browne's only response is that the text messages were authenticated by Anna Hearn at her deposition and are admissible pursuant to Rule 612. Invoking Federal Rule of Evidence 612 and Anna Hearn's deposition to claim authenticity is misplaced. Rule 612 is about refreshing a witness' memory and not about authentication through prior deposition. Fed. R. Evid. 612. Moreover, Browne does not specify where in her deposition Anna Hearn supposedly authenticated the text messages. Lastly, the Court agrees with Ms. Waldo that the protective order proceedings against Mr. Kyres are irrelevant to the claims proceeding to trial and any probative value is substantially outweighed by the prejudicial effect of confusing the jury and creating a trial within a trial. Fed. R. Evid. 401, 402, 403.

The Court also notes that in a later filing Ms. Browne seeks to supplement Exhibit P with "Bumble's privacy policy and procedure guide." (DE 434 at 1.) This request will be denied. The Court's scheduling order explicitly instructed both parties to disclose, at least 42 days prior to the final pretrial conference, all exhibits that may be introduced as evidence at trial. (DE 381 § G(1).) The final pretrial conference in this case was held January 10, 2024. (DE 432.) Ms. Browne did not propose this exhibit until over two weeks after that date, so 58 days after the disclosure deadline. (DE 434, filed January 26, 2024.) The scheduling order likewise provides that any exhibit which is not timely disclosed cannot be used at trial for any purpose other than impeachment or refreshing recollection. (DE 381 § G(1).) The only exception to this rule is when a party shows that there is a need for the exhibit which could not reasonably have been foreseen by the deadline. (*Id.*) Ms. Browne indicates she wants to use this as substantive evidence, i.e. not merely to refresh recollection or impeach, and has not explained why it was not reasonably

foreseeable she would need it at the time of the deadline. This case is approaching four-years old and while the legal claims have changed considerably over that time, the basic facts and points of factual dispute, including who created the Bumble account, have not.

Therefore, Ms. Waldo's objection to Exhibit P will be sustained and Ms. Browne's motion to supplement Exhibit P with the Bumble privacy policy (DE 434) will be denied.

### (13) The objections to Exhibits Q and R are sustained

Exhibit Q is the deposition of Brian Oller with exhibits and Exhibit R is the deposition of Lauren Cerullo with exhibits.

Ms. Waldo objects to these depositions by arguing that: (1) Ms. Browne did not properly disclose the specific portions of the deposition she intends to use, pursuant to the Court's scheduling order, (2) presenting the entirety of the depositions would each take longer than the 60-minute time limit imposed by the Court, (3) many portions of these depositions involve irrelevant dismissed claims, and (4) that these depositions are inadmissible hearsay because Ms. Browne has not shown that either witness is unavailable to testify in person.

The Court need only address the last argument to sustain the objection. Ms. Browne has made no showing that either witness is unavailable to testify in person, and therefore their depositions are inadmissible hearsay. Fed. R. Evid. 801, 802, 804(b)(1) ("The following are not excluded by the rule against hearsay if the declarant is *unavailable* as a witness: (1) Former Testimony.") (emphasis added).

The objections to Exhibits Q and R are therefore sustained.

### (15) The objection to Exhibit T is sustained

Exhibit T is a collection of 175 pages of various documents, including the cover page of a document submitted in appellate proceedings in the protective order case initiated by Waldo against Rafer Weigel, over 100 pages of purported texts between Waldo and Weigel, various other email or social media messages, and documents from multiple protective order proceedings.

Ms. Waldo argues that this exhibit is not relevant and its structure, as a wide ranging hodge podge of different things raises substantial risk of prejudice of misleading the jury, confusing the issues, causing undue delay and wasting time. Fed. R. Evid. 403. In particular, given the various types of documents and large volume of the exhibit it would take an inordinate amount of time to lay the foundation for each sub-group of documents even if Ms. Browne had the personal knowledge to do so. Lastly, the text messageq of Rafer Weigel are inadmissible hearsay to the extent they are offered for the truth of the matter asserted. Fed. R. Evid. 801, 802.

Despite having the opportunity to explain in her response brief the overall coherence of this collection, or identify specific portions she wishes to use for an admissible purpose, Ms. Browne has not offered such clarity.[12] In particular, Ms. Browne's response does not address Rule 403 issue, or the hearsay issue and the Court finds these to be a sufficient basis to sustain the objection to this exhibit as it is constituted. As an initial matter, the documents appear to have limited or no probative value on the questions which the jury is to decide. Moreover, the exhibit as currently constituted is an incoherent amalgam of various documents and correspondences

---

[12] Ms. Browne also had the opportunity to respond in what functionally constitutes an unauthorized sur-reply (DE 423) where she raises some arguments in defense of her trial exhibits. (Her main response, titled as such, as DE 424.) The arguments in this other filing are inadequate, however. For example, Ms. Browne's entire argument as it relates to Exhibit T is "Relevant under Fed. Rule 402. Fed. Rule 405(a)(b). Fed. Rule 613." Even under the generous standards by which courts review pro se filings this is insufficient to make a cognizable argument as it offers no insight into Ms. Browne's reasoning or meaningful response to Ms. Waldo's arguments. *See Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020) (Arguments that are underdeveloped, cursory, and lack supporting authority are waived.)

whose relation to each other is unclear. This makes it highly likely to confuse the jury and the various references to other, closed, proceedings is likely to mislead them as to the issues they need to decide. Further, as Ms. Waldo notes it would take an inordinate amount of time to lay foundation for each sub-group of exhibits which would cause undue delay in trial. The Court finds these prejudicial affects substantially outweigh any probative value the documents might have. Fed. R. Evid. 403.

Independently, a considerable portion of this proposed exhibit, the texts of Rafer Weigel, are inadmissible hearsay if offered for the truth of the matter asserted therein. Fed. R. Evid. 801, 802. Ms. Browne does not respond to the hearsay argument and only notes she wants to admit the texts to show that Waldo is an aggressor and not a victim in this case. (DE 424 at 16.) This is not sufficient to explain to the Court why the texts are not barred by the rule against hearsay, and the Court accordingly finds the objection well taken.

Given these issues, the Court will sustain the objection to the Exhibit T.

### (16) The objection to Exhibit U is sustained

There does not actually appear to be an Exhibit U proffered by Ms. Browne, possibly due to an error in labelling. Ms. Waldo objects to the potential introduction of any future Exhibit U as it would not have been properly disclosed. The Court will sustain the objection insofar as Ms. Browne has not proffered an Exhibit U thus far and she cannot claim to have done so at trial.

### (17) The objection to Exhibit V is sustained

Exhibit V consists of various subpoenas issued in Browne's criminal case. Ms. Waldo objects arguing that theses document relate to Ms. Browne's dismissed spoliation claims against

Ms. Waldo and are irrelevant to the issues going to trial. Ms. Browne's response seems to ratify this understanding with her substantive response being "Plaintiff did not show up to deposition produce her cell phone victims unit [*sic*]." (DE 423 at 4.) The Court understands this comment to be an admission Browne would use this evidence to argue her spoliation claim. That claim has been dismissed and the dismissal reaffirmed numerous times by the Court. (*See* DE 435 at 3 (summarizing holdings).) This makes the exhibit irrelevant to the issues which are going to trial, and the Court will sustain the objection. Fed. R. Evid. 401, 402.

### (18) The objection to Exhibit W is sustained

Exhibit W is Ms. Browne's motion to compel filed against Anna Hearn and Ms. Waldo. Ms. Waldo objects to the relevance of this evidence given it relates to Ms. Browne's claims about insufficient cooperation in discovery by Ms. Waldo and Ms. Hearn which are not issues going before the jury. Ms. Browne does not substantively respond to this argument and instead provides a conclusory citation to Federal Rules of Evidence 402, 405(a)(b), and 613. (DE 423 at 4.) This argument is insufficient, and the Court considers her to have waived the issue. *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020) (Arguments that are underdeveloped, cursory, and lack supporting authority are waived.)

The Court will sustain the objection as this evidence is not relevant to the claims going before the jury and, as the Court previously noted in its order on Ms. Waldo's motion *in limine*, the proper forum for adjudicating discovery disputes is before the Court and not a jury. (DE 435 at 4–5.) Fed. R. Evid. 401, 402.

### (19) The objection to Exhibit X is sustained in part and taken under advisement in part

Exhibit X is a collection of emails from Bumble to Jennifer Waldo, correspondence between Ms. Browne and Ms. Waldo, between Ms. Waldo and Ms. Hearn, and various documents from the protective order proceedings.

Ms. Waldo makes a series of detailed objections to discrete segments of this 82-page proposed exhibit.[13] (DE 409 at 11–13.) Ms. Browne does not respond to these objections. Although one of her filings refers to an Exhibit X, she describes that item as Ms. Waldo's deposition, which is not consistent with what Exhibit X is. (DE 423 at 2–3.)

### (a) Pages 10–14

This span is documents regarding the protective order Ms. Waldo filed against Mr. Weigel and the police report concerning Ms. Browne. Ms. Waldo correctly notes these are not relevant to the claims going to trial. Fed. R. Evid. 401, 402.

### (b) Pages 15–19

This span refers to excerpts of Facebook posts by Margie Ellisor and Rafer Weigel. Ms. Waldo correctly notes these are irrelevant to the claims going to trial as neither party is involved in the actions underlying Ms. Waldo's claims. Fed. R. Evid. 401, 402. Further these posts would be inadmissible hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 801, 802.

### (c) Page 20

---

[13] On the docket the exhibit is split into two parts, Part 1 is DE 409-26 and consists of 32 pages. Part 2 is DE 409-27 and consists of 50 pages.

This page is allegedly duplicative of pages 27–29 of Ms. Waldo's Exhibit 6, which she identifies as DE 393-1. The Court cannot assess this objection as Ms. Waldo's citation to her exhibit 6 does not align with the docket. DE 393-1 is identified as Plaintiff's Exhibit 1 and is a 10-page report from Binary Intelligence, a computer forensics company. Page 20 of Exhibit X is a single screen capture of a cell phone message. (DE 409-26 at 20.) The Court will take the objection under advisement pending furnishing of Exhibit 6.

*(d) Pages 21–30*

These pages are documents from the protective order proceedings initiated by Rafer Weigel against Ms. Waldo. Ms. Waldo is correct that these documents are irrelevant to the claims proceeding against trial, as this prior proceeding is not relevant to the issues going to the jury, and are therefore inadmissible. Fed. R. Evid. 401, 402. Further, the statements of Mr. Weigel in these documents are hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 801, 802.

*(e) Pages 31–48*

These pages are allegedly duplicative of Waldo's exhibits 6, 8, and 9 (identified as DE 393-1, -4, and -5). The Court will again take this under advisement as the docket entry offered by Ms. Waldo does not correspond with an exhibit 6, 8, or 9.[14] DE 393-1 is Waldo's Exhibit 1, 393-4 is her Exhibit 4, and 393-5 is her Exhibit 5. Pages 31–48 of Exhibit X are emails while the actual docketed Waldo exhibits are the forensic report and text message records respectively.

---

[14] The Court would also note that the DE 393 does not contain any entry labelled as Exhibit 6, 7, 8, or 9. Rather the numbering skips from Exhibit 5 to Exhibit 10.

Accordingly, the Court will take the objection under advisement pending the Court being furnished with Exhibits 6, 8, and 9.

*(f)Pages 49–53*

These pages consist of various communications between Mr. Weigel and Ms. Waldo. Ms. Waldo correctly notes that these are irrelevant to the claims proceeding to trial as Ms. Browne is not involved in these communications. Fed. R. Evid. 401, 402.

*(g) Pages 55–65 and 72–74*

These pages are communications between Mr. Weigel and Ms. Waldo regarding their intimate relationship. Ms. Waldo correctly notes that the details of this intimate relationship reflected in these messages are not relevant to the claims proceeding to trial as Ms. Waldo's claims relate to alleged communications by Ms. Browne and her alleged associates after the Weigel-Waldo relationship ended. Fed. R. Evid. 401, 402.

*(h) Page 76*

Page 76 is a screen capture of a text message exchange between Browne and Waldo with handwritten comments. Ms. Waldo objects as the origin of the handwritten comments is unclear and thus the comments would be hearsay if offered for the truth of the matter asserted. The Court agrees, the unknown commentary indicating "Waldo's texts after she told Kathy to send them" is inadmissible hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 801, 802.

*(i) Pages 77–81*

These pages are correspondence between Ms. Waldo's husband, Bryan Waldo, and Rafer Weigel. Ms. Waldo correctly notes they are irrelevant to the claims proceeding to trial as they do not discuss any issues related to those going to trial. Fed. R. Evid. 401, 402. Further, these communications would be inadmissible hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 801, 802.

*(j) Page 82*

Ms. Waldo alleges this page is duplicative of her Exhibit 6. Again, it seems her Exhibit 6 has not been properly docketed and therefore the Court cannot assess whether it is duplicative. Accordingly, the Court takes the objection under advisement.

In light of sustaining these objections, this leaves a portion of Exhibit X standing. Specifically, pages 1–9, 20 (objection under advisement), 31–48 (objection under advisement), 54, 66–71, and 82 (objection under advisement). If she intends to proffer these remaining portions at trial Ms. Browne should revise the exhibit to excise the portions which the Court has ruled inadmissible. It would likely be prudent to also prepare a version excised of the portions where the objection is under advisement in case the Court later rules those are also inadmissible.

**(20) The objection to Exhibit Y is sustained**

Exhibit Y is a collection of documents from various protective order proceedings. Ms. Waldo objects to this exhibit as it is not relevant to any claims proceeding to trial. Ms. Browne has not responded to this objection.

The Court agrees and will sustain the objection. None of the claims advancing to trial turn on the issue of what occurred in these prior protective order proceedings and Ms. Browne's

own claim for malicious prosecution is long since dismissed. Fed. R. Evid. 401, 402. Further, introducing documents related to these prior proceedings would likely confuse the jury and mislead them as to the issues they need to decide in this case. Moreover, it may lead the parties to seek to rehash the old claims and lead to a trial within a trial which sows more confusion and undue delay in this trial. These risks substantially outweigh any probative value of these documents. Fed. R. Evid. 403.

Accordingly, the objection will be sustained.

### (21) The objections to Exhibits AA–GG, KK and LL are sustained

Exhibits AA, BB, CC, DD, EE, FF, and GG are various legal filings or orders of the Court, including Browne's original complaint (AA) and Waldo's answer to that original complaint (BB). Exhibit KK is designated as "all pleadings and orders" and Exhibit LL is Ms. Browne's motion for relief from judgment, seeking relief from a state court order. Ms. Waldo objects arguing that none of these filings are relevant. Ms. Browne does not respond to these arguments.[15]

The Court agrees with Ms. Waldo and will sustain the objections. The various legal filings of the parties in this case and orders of the court are not probative of any questions which the jury is to decide. Fed. R. Evid. 401, 402. These filings are the vehicles by which the parties present their arguments to the Court and by which the Court communicates its rulings. While these documents may refer to evidence in this case, they are not themselves evidence.[16] Further,

---

[15] Ms. Browne does defend the admissibility of an Exhibit AA in one of her filings (DE 423 at 3), but this appears to be a typo as she refers to the exhibit as being text messages, not her complaint.

[16] Moreover, to the extent the jury needs to be instructed on the questions raised in this case it will be done through the Court's jury instructions and not by giving them the complaint and/or answer.

submitting legal filings to the jury, particularly filings related to already settled issues, would cause considerable confusion to the jury, mislead them about what issues they are to decide, and substantially outweigh any potential probative value of the documents. Fed. R. Evid. 403.

As such, the objections to Exhibits AA through GG, KK, and LL are sustained.


### (22) The objections to Exhibits HH and II are sustained

Exhibit HH is identified as the video deposition of Jennifer Waldo and Exhibit II is the video deposition of Anna Hearn. Ms. Waldo objects to the introduction of these exhibits for the same three reasons. First, Ms. Browne did not disclose which specific portions she intends to use at trial in violation of the Court's scheduling order. Also Ms. Browne failed to file the video with the Court or tender a copy to Ms. Waldo as required by that order. (DE 381 §A.1.a.) Second, presenting the entirety of the deposition including exhibits would take far longer than the 60-minute time limit imposed in the scheduling order. Third, many portions of these deposition involve Browne's now-dismissed claims and those portions are either irrelevant to the issues going to trial, or their minimal relevance is substantially outweighed by the danger of misleading the jury, confusing the issues, and wasting time.

Ms. Browne has not filed a response to these objections. The Court will sustain the objections as Ms. Browne has failed to tender copies of the videos to Ms. Waldo or to the Court by the deadline. Further, given the length of Waldo's deposition transcript (117 pages) and Ms. Hearn's deposition transcript (over 250 pages) it would certainly take longer than 60 minutes to display either video to the jury. As such, the objections are sustained.


### (23) The objection to Exhibit JJ is sustained

Exhibit JJ is a collection of documents regarding Ms. Waldo's criminal case against Ms. Browne in Virginia. Ms. Waldo objects to this Exhibit by arguing that these documents are only relevant to Ms. Browne's now-dismissed claims and have no relevance to the remaining claims going to trial. Ms. Browne has not responded to this objection.

The Court will sustain the objection. The Virginia criminal proceedings against Ms. Browne are not probative of any questions set to go before the jury and are therefore irrelevant. Fed. R. Evid. 401, 402.

### (24) The objection to Exhibit MM is sustained

Exhibit MM is designated by Ms. Browne as "all items disclosed or undisclosed in discovery." Ms. Waldo objects, noting that all the items disclosed in discovery, just by Waldo, runs over 1,000 pages, and that items undisclosed in discovery are automatically barred for any purpose other than impeachment, unless the failure to include with a party's initial disclosure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). Ms. Waldo further requests the Court bar Ms. Browne from presenting any document not specifically listed as an exhibit for any purpose other than impeachment or refreshing recollection. Ms. Browne did not reply to this objection.

The objection will be sustained. The principal reason is that this is not an actual exhibit and thus the Court cannot meaningfully review whether it is admissible. Therefore, the Court will not create a backdoor for Ms. Browne to introduce any item produced in discovery but not designated as an exhibit in line with the Court's scheduling order. Further the Court would remind Ms. Browne she is not allowed to produce items undisclosed in discovery as substantive

evidence unless she meets the stringent requirements set forth by Federal Rule of Civil Procedure 37(c)(1).

The objection to Exhibit MM is sustained as described above.

### (26) The objection to Exhibit NN is sustained

Exhibit NN is designated as "all exhibits for purposes of authentication, impeachment, or rebuttal." Ms. Waldo objects arguing that Ms. Browne has failed to identify any exhibits she might use for authentication, and that as the defendant in this matter she is not entitled to present rebuttal or rebuttal evidence.

As this Exhibit does not identify any pieces of evidence, in a practical sense there is nothing here for the Court to rule on. Nonetheless, the Court will sustain the objection to the extent Ms. Browne may attempt to admit unidentified or undisclosed exhibits for the purpose of authentication or present rebuttal evidence given that she is not entitled to rebuttal as the defendant. No further ruling on use of impeachment evidence is needed, but the Court would remind the parties to abide by all applicable Federal Rules regarding impeachment evidence.

### (27) The objections to the exhibits not listed in the Pretrial Order

The last series of objections raised by Ms. Waldo refer to a collection of exhibits which were not listed in Waldo's proposed pretrial order. They either were not disclosed by Browne before the deadline for the pretrial order, contained exhibit labels which were duplicative of other exhibits, or were listed only as attachments to other motions.

### (a) The objections to Alternate Exhibits G and J are sustained

Alternate Exhibit G is a collection of correspondence between Browne, Weigel, Elwood, Ciobanu, a Ms. Jennifer Sauro, a document labelled as a "ReputationDefender proposal," and a letter from the Coral Ridge Towers South administrative assistant denying Browne's application. Alternate Exhibit J is correspondence between Karen Flax and Ciobanu, between Andrew Gonzalez and Jerry Davich, an affidavit of Brian Oller, an affidavit of Andrew Gonzalez and excerpts of Jennifer Waldo's deposition.

Ms. Waldo objects arguing that the correspondence are either irrelevant to the claims going to trial, inadmissible hearsay, or in the case of Ms. Waldo's deposition excerpts, duplicative of already proffered exhibits. Ms. Browne has not responded to the objection. The objection will be sustained. The affidavits and correspondence between non-parties are inadmissible hearsay. Fed. R. Evid. 801, 802. The excerpts of Waldo's deposition are duplicative of already proffered exhibits. Fed. R. Evid. 403. The ReputationDefender proposal and letter from Coral Ridge Towers are not relevant to any of the issues going to trial as they only relate to Ms. Browne's now dismissed claims. Fed. R. Evid. 401, 402.

### (b) The objection to Alternate Exhibit F is sustained

Alternate Exhibit F is Ms. Waldo's responses to Ms. Browne's interrogatories. Ms. Waldo objects to this exhibit arguing that much of it is irrelevant as it addresses Ms. Browne's now dismissed claims. Further, a number of responses refer to documents produced in discovery and presenting these answers to the jury will mislead the jury and cause confusion of the issues as the jury will naturally wonder what is contained in the referenced documents.

Ms. Browne responds to this objection, arguing that it is relevant because it shows Ms. Waldo is dishonest. She also refers to using depositions to impeach a witness' credibility and the use of prior inconsistent statements. (DE 424 at 18.)

The objection will be sustained. There are numerous answers which are not relevant to the claims going to trial and the current form of the exhibit, including references to other documents tendered in discovery but not trial exhibits, risks misleading the jury. Fed. R. Evid. 401, 402, 403.

### (c) The objections to Alternate Exhibits M, N, QQ are sustained

Alternate Exhibit M is Browne's arrest warrant, unidentified transcript excerpts, and various Virginia court filings. Exhibit N is a collection of newspaper articles mentioning the criminal charges against Ms. Browne in Virginia. Exhibit QQ is a Virginia court transcript. Ms. Waldo objects to the relevance of these documents, and argues these are irrelevant as they only relate to Ms. Browne's now dismissed claims. Ms. Browne does not respond to the objections. Ms. Waldo also notes Exhibit QQ is duplicative of Exhibit O and contains inadmissible hearsay statements.

The Court will sustain the objections. None of these exhibits are relevant to the claims going to trial, the prior Virginia criminal court proceedings against Ms. Browne are not probative of the whether she committed the acts alleged in Ms. Waldo's counterclaims. Fed. R. Evid. 401, 402.

### (d) The objections to Alternate Exhibit AA and Defendant's Exhibit 10 are sustained

Alternate Exhibit AA is 111 pages of texts between Waldo and Weigel and 10 pages of Facebook posts and email correspondence. Defendant's Exhibit 10 is various correspondence between Weigel and others. Ms. Waldo objects to these exhibits as irrelevant to the claims proceeding to trial and any relevance is outweighed by the substantial risk of misleading the jury as to the questions they are to decide or wasting time at trial. Ms. Waldo also notes Exhibit 10 contains inadmissible hearsay. Ms. Browne does not respond to the objection.

The Court agrees with Ms. Waldo, the nuances of the relationship between Ms. Waldo and Mr. Weigel is not relevant to whether Ms. Browne committed the acts alleged in the counterclaims. Therefore, these exhibits are irrelevant, and the objection will be sustained. Fed. R. Evid. 401, 402. To the extent any individual communication or series of communications might be relevant, the overall structure of the exhibit with relevant pieces of information buried among vast tracks of irrelevant material, means the prejudicial value of misleading the jury or wasting time substantially outweighs any probative value. Fed. R. Evid. 403.

*(e) The objection to Alternate Exhibit X is sustained*

Ms. Waldo describes alternative Exhibit X as "Waldo's photos on Facebook, Waldo's arrest and photo in the NW Indiana Times, and Cause 64D02-2210-008595 [*sic*]." (DE 409 at 19.) Ms. Waldo notes that she has not been provided a copy of the exhibit nor has one been filed with the Court. Ms. Waldo objects to the potential introduction of this exhibit as this failure to disclose is a violation of the Court's scheduling order. Ms. Browne mentions Alternate Exhibit X in her response but does not address Ms. Waldo's specific arguments. Instead, Ms. Browne makes general arguments about the admissibility of individual pieces of the exhibit without addressing the disclosure issue. (DE 424 at 18–19.)

The Court will sustain the objection. The scheduling order provides that any exhibit which is not timely disclosed cannot be used at trial for any purpose other than impeachment or refreshing recollection. (DE 381 § G(1).) The only exception to this rule is when a party shows that there is a need for the exhibit which could not reasonably have been foreseen by the deadline. (*Id.*) Ms. Browne has not explained why the need for this exhibit could not have reasonably been foreseen by the disclosure deadline. In fact, her filing notes these documents were disclosed during discovery, so she was well aware of them and could evaluate her need of them at trial. (*See* DE 424 at 18.) Therefore, to the extent she seeks its use Alternate Exhibit X as substantive evidence, the objection is sustained, and the exhibit is barred. However, to the extent she intends to only use it for impeachment or refreshing recollection purposes that may still be permissible.

### (f) The objections to Exhibits RR and SS are sustained

These exhibits are a pair of video clips of Ms. Browne and an unidentified third party, potentially Brian Oller, conversing. Exhibit RR is approximately 8 seconds, and the third party refers to statements by an unknown different person. Exhibit SS is approximately 39 seconds, and the third party references a letter sent by an unknown person on an unidentified topic. The video of both clips is an iPhone and pair of scissors on a kitchen countertop and the individuals speaking are not visible. Ms. Waldo objects to these videos as irrelevant to the claims proceeding to trial and containing inadmissible hearsay within hearsay. Ms. Browne has not responded to the objection.

The objection will be sustained. The Court has no basis to conclude these exhibits are relevant to the issues going to trial as it is unclear what the persons are even discussing, let alone

how it is relevant to the case. Fed. R. Evid. 401, 402. Moreover, as the videos contain a third party referring to statements (either spoken or in writing) of yet another person, they are inadmissible hearsay within hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 801, 802.

### (g) The objection to Exhibit OO is sustained

Exhibit OO is described as "Browne's Hacked Emails" and is largely the same as Exhibit C. The difference is that Exhibit OO omits Anna Hearn's deposition and includes new pages 20 and 21. Page 20 is a single page from the transcript of a court hearing where Ms. Browne's attorney, Mr. Elwood, admitted an intimate photo of Browne into evidence. Page 21 is an email from Ms. Browne's former counsel, Ms. Ciobanu, to Ian Russel and Terri Stecher asking them to confirm there are no responsive documents to a request.

Ms. Waldo's objection to the majority of this exhibit is the same as her objection to Exhibit C. Ms. Waldo objects to Page 20 and 21 as being irrelevant to the claims proceeding to trial and to Page 21 being inadmissible hearsay. Ms. Browne filed a reply stating "Relevant under Fed. Rule 402. Fed. Rule 405(a)(b) Fed. Rule 613. Fed. Rule 607." The Court finds this response to be underdeveloped and waived. *Shipley*, 947 F.3d at 1062–63.

The Court will sustain the objection. In part this is for the same reasons as the Court sustained the objection to Exhibit C previously explained in this order. As it relates to Pages 20 and 21, the Court sustains the objection because they have no relevance to the issues proceeding to trial and the communications between Ms. Ciobanu and Mr. Russel and Mr. Stecher is inadmissible hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 401, 402, 801, 802.

*(h) The objection to Exhibit PP is sustained*

Exhibit PP is a collection of documents related to protective order proceedings and excerpts from Ms. Waldo's deposition. Ms. Waldo argues that these documents are not relevant to the claims proceeding to trial. Ms. Browne filed a conclusory reply asserting the documents are relevant and citing to Federal Rules of Evidence 402, 405(a), and 607.[17] This is not sufficient to establish the relevancy of this exhibit. *See Shipley*, 947 F.3d at 1062–63.

The court will sustain the objection. The conduct of the various protective order proceedings as shown in documents of those proceedings is not probative of any issue going to the jury at trial. Fed. R. Evid. 401, 402. Further, injecting documentation from these prior proceedings invites the parties to stage a trial within a trial that relitigates these old claims. The prejudicial time wasting and misleading effects of such a trial in a trial would substantially outweigh any marginal probative value these documents possess. Fed. R. Evid. 403. Lastly, the excerpts from Ms. Waldo's deposition would be duplicative of already proposed exhibits. *Id.*

### B. Ms. Browne's Additional Objection to Ms. Waldo's trial exhibits (DE 433)

Ms. Browne also filed an objection to Ms. Waldo's Exhibit 10, which is three screen shots from the Bumble profile. (DE 393-6.) Ms. Browne requests pursuant to "Federal Rule 902(a)" that the Court order Ms. Waldo to provide the entire Bumble account, as presented to the Valparaiso Police in 2019, as part of this exhibit. Ms. Waldo filed a response to this motion. (DE 448.) Ms. Waldo correctly notes there is no Federal Rule of Evidence 902(a), as the first level

---

[17] As described earlier in this order, Rule 405(a) refers to proving a person's character or character trait by *testimony* and only when the character trait is admissible. Fed. R. Evid. 405(a).

subheadings to this rule are numerical not alphabetical. *See e.g.* Fed. R. Evid. 902(1)(A). Further, Rule 902 only addresses self-authenticating evidence and does not contain a requirement for completion of a document.

Ms. Waldo argues to the extent Ms. Browne is invoking Federal Rule of Evidence 106, that Rule only applies at trial when an incomplete statement is introduced, and thus a ruling at this time would be premature. Fed. R. Evid. 106. ("If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time.")

The Court agrees and will deny the motion at this time. However, Ms. Browne may raise this objection again at trial and the Court would advise Ms. Waldo and her counsel to be prepared to furnish the entirety of the Bumble communications if it becomes necessary.

### C. Ms. Browne's second motion to supplement her trial exhibits is denied

Ms. Browne has filed two motions which include requests to supplement her trial exhibits, one at Docket Entry 434 and one at Docket Entry 438. The former has already been dealt with by the Court earlier in this order. The Court now turns to the motion at Docket Entry 438.

In this motion Ms. Browne seeks to add an additional 44 pages of evidence identified as Exhibit T[18], consisting of text messages between her and Rafer Weigel, her forensic expert report, Ms. Waldos' emails from Bumble, Ms. Waldo's Virginia police report, and transcripts of the Virginia hearing on October 5, 2020. Ms. Waldo has filed a response to the motion. (DE 448.)

---

[18] Ms. Browne presumably intends to supplement her original Exhibit T with these documents.

The Court would deny this motion before even reaching the merits. As noted earlier in this order, the parties' deadline for disclosing exhibits to be used at trial was 42 days prior to the final pretrial conference on January 10, 2024. (DE 381 § G(1).) Failure to disclose on this timeline bars use of the untimely proffered exhibit for any purpose besides impeachment or refreshing the recollection of a witness. *Id.* The sole exception to this rule is when a party shows that there is a need for the exhibit which could not reasonably have been foreseen by the deadline. (*Id.*)  Ms. Browne filed the motion to supplement on February 9, 2024, which is over a month after the final pretrial conference and over two months after the deadline for exhibit disclosures. Moreover, she has not even attempted to make a showing that there is a need for the exhibits which would not have been reasonably foreseen by the deadline. All of these proposed exhibits are several years old, and she should have been able to foresee potential need for them at trial well in advance of the Court's deadline.

Ms. Browne's pro se status entitles her to certain leniency from the Court in construing her filings and interpreting the legal arguments she presents. It manifestly does not entitle her to ignore the Court's deadlines or inoculate her from the consequences of failing to meet those deadlines. Accordingly, the Court would deny her motion to supplement her exhibits for being untimely and not presenting a justification, per the requirements of the scheduling order, which would excuse her untimeliness.

Even if the Court excused the untimeliness, it would deny the motion on the merits. As Ms. Waldo correctly notes, the Exhibit T described in this motion, text messages and Ms. Browne's expert report, are not in fact self-authenticating despite Ms. Browne's claim. Federal Rule of Evidence 902, which Ms. Browne cites, generally only applies to official records and certified documents. Her proposed exhibit T is neither and is thus not admissible under this rule.

Further, the text messages of Mr. Weigel would be inadmissible hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 801, 802. The Virginia police and court documents are not relevant to the claims going to trial, as none of the present claims involve the prior Virginia proceedings, and would thus be inadmissible. Fed. R. Evid. 401, 402. Lastly, admitting the Virginia documents would risk creating a trial within a trial as the parties rehash the outcome, and rationale for the outcome, of the prior Virginia proceedings and such a digression would cause substantial prejudice by misleading the jury on the issues they are to decide and cause considerable delay. This prejudicial effect would substantially outweigh any limited probative value the Virginia documents might possess. Fed. R. Evid. 403.

### D. Conclusion

Accordingly, Ms. Waldo's objections to Ms. Browne's proffered exhibits and deposition designations (DE 409, 413) are SUSTAINED in part, OVERRULED in part, and TAKEN UNDER ADVISEMENT in part as outlined in this order. Ms. Browne's "supplementary trial brief and motion under Federal Rule 405(a)(b) is TERMINATED (DE 423). Ms. Browne's objection to Ms. Waldo's Exhibit 10 is DENIED as premature (DE 433). Ms. Browne's motion to supplement her trial exhibits (DE 434) is DENIED. Ms. Browne's second motion to supplement her trial exhibits (DE 438) is DENIED.

SO ORDERED.

ENTERED: February 22, 2024

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court