UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE, <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER WALDO, <br><br> Defendant. | Case No. 2:20-CV-196 JD |

### OPINION AND ORDER

The plaintiff in this closed case, Kathy Browne, pro se, has moved for reconsideration of several of this Court's prior orders and reinstatement of several of her dismissed claims pursuant to Federal Rule of Civil Procedure 60(b). (DE 471.) The motion will be denied.

**A. Background**

This case has an extensive and complex history which need not be fully restated in resolving this motion. Suffice to say, Ms. Browne brought a host of claims against multiple defendants and over the intervening years those claims and defendants were whittled down through the course of settlement agreements, motions to dismiss, and motions for summary judgment. Ultimately, all of Ms. Browne's claims were dismissed and only the counterclaims of defendant Jennifer Waldo remained and were set for trial. Then, a few weeks ago, on the eve of trial Ms. Waldo and Ms. Browne entered a settlement agreement and the Court dismissed the remaining claims with prejudice and closed this case. (DE 470.)

Ms. Browne's current motion seeks the reconsideration of four prior orders of this Court dismissing her claims (DE 76, 103) enforcing her settlement agreement with former defendant

Anna Hearn. (DE 296, 335), and declining to vacate Ms. Browne's settlement agreement with Ms. Hearn (DE 138).[1] In short, Ms. Browne would like another bite at the apple to sue Ms. Hearn and the City of Valparaiso, Indiana over alleged fraud, civil rights violations, and tort claims.

The claims against Valparaiso were dismissed over the course of two orders by the Court on February 1, 2021 (DE 76) and May 13, 2021 (DE 103), respectively. The claims against Ms. Hearn were dismissed as part of a settlement agreement. The notice of a settlement agreement was entered on February 4, 2022. (DE 138.) However, no dismissal papers were filed. Ms. Browne subsequently attempted to void the settlement agreement, but the Court found that she had entered a valid settlement agreement with Ms. Hearn and ordered her to abide by its terms.[2] (DE 296.)

Subsequent to filing her motion for reconsideration, Ms. Browne also filed a motion to supplement the attached exhibits with documents which were missing from her initial filing. (DE 472.) The Court will grant this motion and consider the attached evidence in deciding the Rule 60(b) motion.

**B. Legal Standard**

Rule 60(b) authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

---

[1] While it is not relevant to the merits of the motion, the Court will note these orders were issued when the case was with the prior presiding Judge, the Hon. Joseph S. Van Bokkelen.

[2] As part of its findings, the Court found Ms. Browne had signed the final settlement agreement on March 24, 2022. (DE 296 at 3.) The Court also rejected her defenses of duress, unconscionability, or incompetency. (*Id.* at 5.)

59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Relief under Rule 60(b) is an extraordinary remedy which should not be lightly granted. *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018). Further, a motion under Rule 60(b) must be made within a reasonable time, for reasons (1), (2), and (3), that means no more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

**C. Discussion**

The motion will be denied for two reasons. First, it is untimely. Second, Ms. Browne merely seeks to rehash previously rejected arguments which is an inappropriate basis for a Rule 60(b) motion.

As to the first reason, Ms. Browne's basis for reconsideration is alleged fraud upon her and upon the Court by Ms. Hearn, and Ms. Browne's former counsel Andrea Ciobanu. (DE 471 at 13.) Therefore, her motion is on the basis of Rule 60(b)(3), which allows reconsideration in instances of fraud, misrepresentation, or misconduct by an opposing party.[3] However, this

---

[3] Ms. Browne's motion to supplement her Rule 60(b) motion refers to her motion being submitted per "Rule 60(b)(1)(2)(3)(4)" (DE 472 at 1.) 60(b)(1) refers to mistake, inadvertence or excusable neglect, Rule 60(b)(2) refers to newly discovered evidence, and 60(b)(4) refers to a void judgment. Fed. R. Civ. P. 60(b). Ms. Browne has not offered any argument explaining how her case qualifies for any of these grounds for reconsideration and the Court will not prepare such argument on her behalf. Specifically, Ms. Browne does not identify what mistake or inadvertence caused the adverse rulings against her, what newly discovered evidence she has, or explain why the judgments and rulings against her are void.

3

provision has an express filing deadline within one year of the entry of the order which is being challenged. Fed. R. Civ. P. 60(c)(1). All of the orders and filings being challenged in Ms. Browne's motion were entered well over a year ago.[4] This alone compels the denial of Ms. Browne's motion.

Ms. Browne offers no substantive excuse or explanation for her delay. Ms. Browne does vaguely refer to the possibility of equitable tolling being in play due to the alleged fact "this cause of action went without a residing judge for some time" [*sic*]. (DE 471 at 14.) The Court assumes this is a typo and Ms. Browne meant "presiding judge." In which case her argument is a nonstarter because it is manifestly incorrect. This case has always been assigned a presiding Judge. Therefore, she is not entitled to any sort of tolling argument based upon the absence of a presiding judicial officer. Ms. Browne offers no other substantive argument as to why the deadline should be tolled for her and the Court will not supply one.[5] *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) (holding it is not the Court's duty to research and present the parties' arguments on their behalf). As such, the Court finds no basis to excuse Ms. Browne from her deadline under the rules and would deny her motion as being untimely under Federal Rule of Evidence 60(c)(1). *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (pro se litigants must adhere to procedural rules).

---

[4] DE 335, the order granting Ms. Browne's motion for settlement funds and an associated motion by her former counsel to distribute some of those funds, was docketed on February 23, 2023. DE 296, the order enforcing Ms. Browne's settlement agreement with Ms. Hearn was docketed on December 7, 2022. DE 138, the settlement agreement itself, was docketed February 4, 2022. DE 103, an order of the Court dismissing the remaining claims against Valparaiso, was docketed March 13, 2021. DE 76, an order of this court dismissing several counts for failure to state or claim or lack of jurisdiction, was docketed February 1, 2021.

[5] Ms. Browne's pro se status does not alter this standard. While she is correct that pro se pleadings are to be liberally construed, pro se litigants are not entitled to use the Court as their counsel. Pro se or not, the Court has zero obligation to fill in the voids in her pleadings by crafting arguments and performing the necessary legal research. *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020)

In the alternative, the Court would deny the motion as Ms. Browne exclusively seeks to rehash arguments where she previously did not prevail. She asks the Court to reopen several of her claims: Counts X, XII, XIII, XIV, XV, which are against either Ms. Hearn, the City of Valparaiso or both. (DE 471 at 9.) The Court has previously decided these issues in dismissing all of Ms. Browne's claims against the City of Valparaiso. (DE 76, 103.) Being unsatisfied with the Court's prior decision is, alone, not a sufficient basis to invoke Rule 60(b). *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. Additionally, the Court would note Ms. Browne's motion does not offer any argument as to why the Court's prior decisions were incorrect. As such, even if the Court could reconsider its prior orders, it would not do so as it has no basis to doubt the original conclusions.

The claims against Ms. Hearn meet a similar fate. These claims were resolved by a settlement agreement between Ms. Browne and Ms. Hearn. (DE 138.) Ms. Browne subsequently sought to void the agreement, an effort which was denied by the Court. (DE 296.) Ms. Browne's attempts in the instant motion to revisit the *previously decided issues* and vacate the settlement agreement are not appropriate for a Rule 60(b) motion. To the extent Ms. Browne seeks to make new allegations, such as that her former counsel forged her signature on the settlement agreement (DE 471 at 8), that argument should have been presented at the time of her initial motion to invalidate the settlement agreement and not years later.[6] *Caisse Nationale de Credit*

---

[6] The Court would note that the only evidence Ms. Browne marshalled in support of this claim is an email from March 15, 2022, indicating she would not sign a revised draft of a document sent to her by her counsel. (DE 471-2 at 2.) Ms. Browne submitted this exact same email alongside her motion to vacate the settlement. (DE 211-1 at 5.) Thus, while it does not appear she presented an argument about a forged signature to the Court at that time, she was clearly aware of the evidence which allegedly supported that claim and simply chose not to present it. Ms. Browne's supplemental evidence also includes this email (DE 471-1 at 17). The Court would also note the email is not directly probative of fraud. Ms. Browne's dissatisfaction with a draft document, which may or may not be the settlement agreement, on March 15, 2022, does not suggest her signature on the Agreement several days later on March 24, 2022, was forged by counsel. It is not unusual for documents to undergo revisions or for parties to change their minds on whether to settle. Besides the email, Ms. Browne's supplemental filing is otherwise a hodge podge of Court filings and orders related to the extension of filing deadlines, and correspondence with her counsel, or

*Agricole*, 90 F.3d at 1270 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments *or arguing matters that could have been heard during the pendency of the previous motion*.") (emphasis added). Like the claims against Valparaiso, Ms. Browne offers no argument as to why the Court's prior order was incorrect. Consequently, the Court would stand by its prior decision even if it was capable of revisiting it.

In denying this motion the Court would also draw attention to one trend which has been present throughout this litigation. Namely, Ms. Browne's repeated efforts to resuscitate claims long after the Court has issued definitive rulings. (*See e.g.* DE 436 at 4-5 (discussing Ms. Browne's repeated efforts to argue that defendant Jennifer Waldo spoliated evidence or failed to cooperate in discovery despite repeated rulings against her by the Court.)) While the closing of this case and denial of this motion should preclude further instances of these efforts, to the extent Ms. Browne may one day engage in some other litigation, the following guidance might be helpful. A party is not entitled to reconsideration of an issue merely because they dislike the Court's ruling, rather they must abide by the governing rules and present legal authority or new facts which indicate the Court's prior decision needs to be revisited. Moreover, a party cannot plunge their head into the sand, pretend the adverse ruling never occurred, and continue to present the losing argument in defiance of the Court's prior ruling.

**D. Conclusion**

Accordingly, Ms. Browne's motion to supplement the evidence of her Rule 60 motion is GRANTED. (DE 472.) The Rule 60 motion itself is DENIED. (DE 471.)

SO ORDERED.

---

correspondence between her counsel and Ms. Hearn. Ms. Browne does not explain why any of these filings support her allegations of fraud or otherwise merit reconsideration of the Court's prior orders.

ENTERED: March 27, 2024

                                         /s/ JON E. DEGUILIO
Judge
United States District Court