UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE,<br><br>    Plaintiff,<br><br>    v.<br><br>VALPARAISO INDIANA CITY OF,<br>ANNA HEARN, JENNIFER WALDO,<br><br>    Defendants. | Case No. 2:20-CV-196 JD |

## OPINION AND ORDER

Plaintiff Kathy Browne filed a motion (DE 485) accusing her former attorney, Andrea Ciobanu, of committing fraud on the court and seeking to vacate the Court's February 23, 2023, order that dispersed settlement funds to pay attorney's fees to Ms. Ciobanu (DE 335). For the reasons below, the Court will deny the motion.

### A. Procedural History

Plaintiff Kathy Browne sued Jennifer Waldo and her attorney, Anna Hearn, alleging that they had her arrested unlawfully. She also sued the City of Valparaiso and one of its detectives, but they were dismissed early on. Ms. Browne was represented by Andrea Ciobanu.

In February 2022, Ms. Browne and Ms. Hearn signed a settlement agreement. (DE 138, 141). Two months later, in March 2022, Ms. Ciobanu withdrew her representation. (DE 147.) In May 2022, Ms. Hearn moved to enforce the settlement agreement (DE 195), which the Court granted in December 2022. (DE 296.)

While Ms. Browne and Ms. Hearn were disputing the enforceability of the settlement agreement, Ms. Ciobanu held the settlement funds in trust. (DE 192.) After the Court ruled that

the settlement agreement was enforceable, Ms. Ciobanu deposited the funds with the Clerk of Court, at the same time placing an attorney's lien on the funds under Ind. Code §33-43-4-1. (DE 301.) A week later, Ms. Ciobanu asked the Court to adjudicate the lien and find that Ms. Browne must pay her $14,559.94 for representing her through the settlement agreement with Ms. Hearn. (DE 303.) On February 23, 2023, the Court approved Ms. Ciobanu's lien for attorney's fees. (DE 335.)

A year later, on March 3, 2024, Ms. Browne and Ms. Waldo settled, resulting in dismissal of what remained of the case.

On March 22, 2024, Ms. Browne moved under Federal Rule of Civil Procedure 60(b) to vacate the order enforcing her settlement agreement with Ms. Hearn. (DE 471.) Four days later, the Court denied the motion (DE 473), and Ms. Browne immediately appealed the Court's order (DE 474). On November 8, 2024, the Court of Appeals for the Seventh Circuit affirmed the Court's enforcement of the settlement agreement.

On May 7, 2025, Ms. Browne moved (DE 485) to vacate the Court's order which approved Ms. Ciobanu's attorney lien for attorney's fees she accrued while representing Ms. Browne (DE 335). Ms. Browne filed her motion under Rule 60(d)(3), alleging that Ms. Ciobanu committed fraud on the court. Ms. Browne states that Ms. Ciobanu engaged in fraudulent acts that corrupted the judicial process. In particular, she claims that Ms. Ciobanu included in the amended complaint (DE 20) a fictitious party ("Mr. Back"), accepted a payment from Defendant City of Valparaiso in exchange for agreeing to dismiss it from the case, concealed a sexually explicit video, and withheld a case file from Ms. Browne upon termination of her

2

representation.[1] Ms. Browne is not seeking to undo her settlement agreements with either Ms. Hearn or Ms. Waldo. Her sole focus is to vacate the Court's order (DE 335) that recognized Ms. Ciobanu's lien as to the settlement money paid by Ms. Hearn.

Ms. Ciobanu is an intervenor in this case by having sought to enforce her attorney's lien. She objects to Ms. Browne's motion. In turn, Ms. Ciobanu asks that Ms. Browne be sanctioned for filing yet another frivolous motion.

B. Discussion

Fraud on the court under Rule 60(d)(3) is fraud that directly impacts the integrity of the judicial process. It is not defined in Rule 60 or elsewhere in the federal rules, but courts have consistently interpreted it to involve egregious conduct that defiles the court itself:

> The term "fraud on the court" is not defined in Rule 60 or elsewhere in the federal rules, and the definition most often offered by the courts (including our own)— that it consists of acts that "defile the court,"—though vivid, doesn't advance the ball very far. *Drobny*'s[2] full definition advances it a little farther: that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court [i.e., lawyers] so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.
>
> The problem of definition arises from the fact that a motion to set aside a judgment on the ground of fraud on the court has no deadline. It must therefore be defined narrowly lest it become an open sesame to collateral attacks, unlimited as to the time within which they can be made by virtue of the express provision in Rule 60(b) [now 60(d)] on this matter, on civil judgments. The question is, how narrowly? To answer this question we need to consider what kind of fraud ought to be a ground for setting aside a judgment perhaps many years after it was entered. The answer is the kind of fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year, and in some cases within many years—cases in which there are no grounds for suspicion and the fraud comes to light serendipitously. Examples are bribery of a judge or exertion of other undue influence on him, jury tampering, and

---

[1] Ms. Browne also filed a separate action against Ms. Ciobanu in May 2023, alleging various claims including negligence and fraud. This case was dismissed by the Northern District of Indiana on February 25, 2025. *See Browne v. Ciobanu*, No. 2:23-CV-164 GSL, 2025 U.S. Dist. LEXIS 34453 (N.D. Ind. Feb. 25, 2025).

[2] *Drobny v. Commissioner*, 113 F.3d 670, 677–78 (7th Cir. 1997).

3

> fraudulent submissions by a lawyer for one of the parties in a judicial proceeding, such as tendering documents he knows to be forged or testimony he knows to be perjured.

*In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011). "Motions seeking relief in light of fraud on the court can be brought at any time after judgment because the 'conduct . . . might be thought to corrupt the judicial process itself.'" *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (quoting *Expeditors Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997)).

**(1)** *"Mr. Back"*

The amended complaint (DE 20) contains nine counts. At the introduction of each count, the complaint incorporates previous allegations stating among other things—in boilerplate fashion—that the factual section of the complaint demonstrates that "Mr. Back is entitled to relief." (*See e.g.*, DE 20 ¶ 72.) Ms. Browne argues that the inclusion of "Mr. Back" was not a harmless clerical error but a deliberate act by Ms. Ciobanu, intended to mislead the Court and undermine the integrity of the judicial process. She insists that the reference to "Mr. Back" distorted the judicial record, ultimately prejudicing her case. Ms. Browne further believes that the inclusion of "Mr. Back" was a strategic move to signal to opposing parties that her legal representation was compromised, diverting attention from the merits of her claims and allowing adversaries to exploit the flawed record. Although she reviewed the amended complaint, she says she assumed that "Mr. Back" was a term of art or a case name, so she did not at the time suspect any wrongdoing.

Ms. Browne has confused a scrivener's error or sloppy drafting with fraud on the court. "Mr. Back" is not a party to this case and the inclusion of this reference does not create fraud.

4

Unfortunately, due to frequent use of boilerplate filings, it is not unheard of for the complaint to contain information that is inapplicable to a given case or residual language from another case. It's unclear which is which here, but it did not mislead the Court or distort the judicial record. Nor did it prejudice Ms. Browne's case. Ms. Browne cites no subsequent proceeding where "Mr. Back" was referenced, let alone where it diverts the case down the wrong path. It does appear that Ms. Browne believed that the reference to "Mr. Back" had a legal significance as she incorporated the same terminology in her own complaint against Ms. Ciobanu in Case No. 2:23-CV-164 (*see* Am. Compl., DE 6), but there's no showing that the opposing parties, let alone the Court, were defrauded by this inclusion. And to the extent that Ms. Ciobanu may have shown "her cards," as Ms. Browne claims, this is not akin to fraudulent submissions by a lawyer in a judicial proceeding, such as tendering documents she knows to be forged or testimony she knows to be perjured. *Cf. In re Golf 255*, 652 F.3d at 809. Insofar as fraud on the court is to be narrowly construed, there may have been sloppy drafting, but not fraud, let alone fraud on the court.

### (2) *Payment from the City of Valparaiso*

Ms. Browne next submits that Ms. Ciobanu committed fraud on the court by accepting a payment—a bribe—from the City of Valparaiso to dismiss it from the lawsuit. This is a serious charge both against the City of Valparaiso and Ms. Ciobanu, but it is unsupported by any evidence and relies only on speculation. Ms. Browne's filings lack sworn affidavits, supporting documents, or any evidence that rises to the level of clear and convincing proof required to establish fraud on the court, as opposed to mere allegations or dissatisfaction with the prior rulings. Instead, Ms. Browne submits that her allegation must be true because Ms. Ciobanu did not issue with her response a sworn declaration to the contrary and did not deny this allegation in

5

Case No. 2:23-CV-164. Moreover, Ms. Browne believes that the time of the dismissal was suspicious and that, after the dismissal, Ms. Ciobanu aligned her interests with the City—though she does not explain how. Finally, she states that she herself did not approve the dismissal.

A party crying fraud on the court needs more than speculation, which is what Ms. Browne presents about the purported payment from the City of Valparaiso to Ms. Ciobanu. She must present actual evidence to support her claim. *See e.g.*, *United States v. $1,240,675 in United States Currency*, No. 22-3094, 2024 U.S. App. LEXIS 2424, at *1 (7th Cir. Feb. 2, 2024) ("[Defendant] now seeks relief from judgments entered in the related civil forfeiture proceedings, asserting that the government colluded with his former attorneys to commit a fraud on the court. The district court denied [defendant's] motion for relief from the judgment. Because there is no evidence of the supposed fraud, we affirm."); *Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-cv-01598-TWP-MJD, 2017 U.S. Dist. LEXIS 177549, at *10-11 (S.D. Ind. Oct. 26, 2017) ("'A party seeking to set aside a judgment under Rule 60(b)(3) or the court's inherent power must prove fraud by clear and convincing evidence..'") (quoting *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). In other words, the burden is not on Ms. Ciobanu to disprove the accusation, but on Ms. Browne to present facts from which the Court could reasonably infer wrongdoing. Without such evidence, Ms. Browne's claim that the City of Valparaiso bribed Ms. Ciobanu fails at the outset. *Cf. BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025). ("It is Rule 60(b)'s standard—and only Rule 60(b)'s standard—that applies when a party seeks relief from final judgment. A party seeking Rule 60(b)(6) relief must always demonstrate 'extraordinary circumstances' justifying relief, *see* [*Kemp v. United States*, 596 U.S. 528, 533] (2022) (internal quotation marks omitted); what he intends to do if his case is reopened does not alter that standard, *see supra*, at ——, —— – ——; *cf., e.g., In re Ferro Corp.*

6

*Derivative Litigation*, 511 F.3d 611, 624 (CA6 2008) ("Plaintiffs must first meet the threshold requirement of 60(b)(6)'s extraordinary or exceptional circumstances to vacate the judgment before seeking to conduct discovery")).

### (3) *Sexually Explicit Video*

Ms. Browne argues that Ms. Ciobanu committed fraud on the court by deliberately concealing a nude video of Ms. Browne. She claims that the video was relevant to her defamation, intentional infliction of emotional distress, and several other claims. According to Ms. Browne, Ms. Ciobanu denied her access to the video by stating in a July 22, 2021, email that it was subject to the Court's protective order (DE 111) and could not be shared, thus preventing Ms. Browne from viewing it during the litigation. Ms. Browne contends that she never approved the video's protected status and only became aware of its existence when Brian Oller played the video's background music over the phone, confirming that he possessed it. Ms. Browne argues that Ms. Ciobanu should have sought to exclude the video from the protective order. Additionally, Ms. Browne alleges that Ms. Ciobanu withheld other evidence, including Bumble messages and corroborating texts from Mr. Oller implicating Ms. Waldo in coercive conduct involving other women.

The protective order in question was sought by a non-party's attorney (Mr. Oller's counsel) and restricted the public disclosure of explicit sexual content. (DE 111 at 1.) With her response brief, Ms. Ciobanu provided an email indicating that the video was, in fact, sent to Ms. Browne. (See DE 486-3 at 1 (an email from Ms. Ciobanu to Ms. Browne forwarding the video and stating, "Here are the responses to the third-party requests."). In that same email, Ms. Ciobanu wrote, "[T]hese are confidential and we are not allowed to share with anyone" (*id.*), but

7

she did not state that Ms. Browne herself was prohibited from viewing the video. To the extent that Ms. Browne interpreted this language to mean she could not view a nude video of herself, any confusion appears attributable to ambiguity in the pronoun "we," not to any intent by Ms. Ciobanu to defraud the Court.

In fact, neither here nor in Ms. Ciobanu's alleged withholding of evidence implicating Ms. Waldo's coercion of other women can the Court find any indication of fraud. Again, given the narrow constraints of what constitutes fraud on the court, there is no such showing here. It cannot be said that Ms. Ciobanu made fraudulent submissions in a judicial proceeding, such as filing forged documents or presenting testimony she knew to be perjured. There may have been a miscommunication between an attorney and her client, but not fraud on the court. Moreover, even if the email could be construed as misleading Ms. Browne, the purported lie could have been exposed through diligent inquiry by reading the protective order to which Ms. Ciobanu was explicitly referring. In short, Ms. Browne has not shown that the circumstances here meet the narrow definition of fraud on the court.

**(4)** *Ms. Browne's Case File*

Finally, Ms. Browne claims that Ms. Ciobanu committed fraud on the court by failing to turn over her case file after the attorney-client relationship ended, which she characterizes as part of a broader pattern of misconduct.

With her response brief, Ms. Ciobanu submitted an exhibit showing that, on February 3, 2022, Ms. Browne's case file was emailed to her. (DE 486-4 at 1.) In her reply, Ms. Browne retreats from her original claim and instead argues that Ms. Ciobanu failed to turn over materials subject to the protective order, as discussed in Section 3. The Court need not repeat its earlier

findings about the availability of protected evidence to Ms. Browne: she has failed to show that Ms. Ciobanu withheld such materials. But even if that were the case, it would not constitute fraud on the court: nothing in the record suggests egregious conduct that corrupted the judicial process or undermined the Court's administration of justice. Accordingly, as with her previous claims, Ms. Browne is not entitled to relief on this basis.

### (5) *Ms. Ciobanu's Request for Sanctions*

In her response brief, Ms. Ciobanu submits that Ms. Browne should be sanctioned for filing a frivolous motion. Ms. Ciobanu points out that Ms. Browne had been warned by the Court of Appeals "that frivolous appeals or litigation in the future will result in monetary sanctions." *Browne v. Waldo*, No. 24-1497, 2024 U.S. App. LEXIS 28409, at *8 (7th Cir. Nov. 8., 2024). She has further been advised by this Court and by Judge Gretchen Lund to cease vexatious filings. According to Ms. Ciobanu, it is time to sanction her litigation conduct.

Federal Rule of Civil Procedure 11 outlines the circumstances under which sanctions may be imposed. It requires that any pleading, written motion, or other paper presented to the court must not be for any improper purpose, must be warranted by existing law or a nonfrivolous argument, and must have evidentiary support. *See* Rule 11(b). "A court may impose sanctions under Rule 11 if, among other things, a lawsuit is not well grounded in fact. The inquiry is an objective one: whether the party should have known that his position was groundless." *Portman v. Andrews*, 249 F.R.D. 279, 282 (N.D. Ill. 2007) (citing *CUNA Mut. Ins. Co. v. Ofc. & Prof. Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006). "While a court should be more lenient in assessing sanctions against a pro se litigant, when she persists in a hopeless cause long after it should have been clear to her that her cause was indeed hopeless, sanctions should

9

be imposed." *Johnson v. State Farm Mut. Auto. Ins. Co.*, 641 F. Supp. 2d 748, 753 (C.D. Ill. 2009) (citing *Bacon v. American Federation of State, County, and Mun. Employees Council*, No. 13, 795 F.2d 33, 34–35 (7th Cir. 1986).

The Court understands Ms. Ciobanu's frustration but does not believe that Ms. Browne's latest filings warrant sanctions. Ms. Browne is proceeding pro se. While an attorney can discern the weakness of her arguments, it does not appear that she filed them in bad faith or for an improper purpose. Granted, her arguments are without merit, but they're not entirely repetitive of her previous filings, and they are directed to her previous counsel as opposed to now-dismissed parties. Also, her theory—fraud on the court—is not so outrageous given her pro se status that sanctions are warranted. However, as far as the Court can tell, Ms. Browne's litigation is at its end. Any further motions that merely restate previous arguments or that are clearly without basis in fact or law may result in the imposition of sanctions.

### C. Conclusion

For these reasons, the Court DENIES Ms. Browne's motion "for relief from judgment pursuant to rule 60(d)(3) (DE 485). The Court further DENIES Ms. Ciobanu's motion for sanctions (DE 486).

SO ORDERED.

ENTERED: June 25, 2025

                                                      /s/ JON E. DEGUILIO
                                                      Judge
                                                      United States District Court